UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. _____<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

## **VERIFIED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP, and for its Verified Complaint against the ATP INNOVATOR, IMO Number 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*, Amerindo Services, Ltd, *in personam*, and Blue Sky Langsa Ltd, *in personam*, stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect, alleges upon information and belief as follows:

### JURISDICTION AND PARTIES

I.

Jurisdiction is proper in accordance with 28 U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Venue is also proper in this district in accordance with 28 U.S.C. §1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

II.

At all material times, plaintiff, Gulf Marine Fabricators, LP (hereinafter referred to as "Gulf Marine") was and now is a limited partnership organized under the laws of the State of Texas and doing business within the State of Texas, and within the jurisdiction of this Honorable Court.

III.

Upon information and belief, defendant, Amerindo Services, Ltd. (hereinafter referred to as "Amerindo") was and now is a foreign corporation doing business within the State of Texas, and within the jurisdiction of this Honorable Court and was and is the registered owner of the ATP INNOVATOR (hereinafter referred to as the "Vessel").

IV.

Upon information and belief, defendant, Blue Sky Langsa Ltd. (hereinafter referred to as "Blue Sky") was and now is a foreign corporation doing business within the State of Texas, and within the jurisdiction of this Honorable Court.

V.

At all material times, defendant, the Vessel, ATP INNOVATOR bearing IMO Number 742 and Official No. 575567 (hereinafter "Vessel"), was and still is a floating oil production vessel, documented in the United States of America. The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, upon the navigable waters of Texas, within this district and within the jurisdiction of this Honorable Court.

**FACTS AND CLAIMS**

VI.

Upon information and belief, the United States Coast Guard, through the National Vessel Documentation Center, issued a Certificate of Documentation to the ATP INNOVATOR dated

on or about September 25, 2015 with a Registry Endorsement for a listed vessel service of Industrial Vessel.

VII.

Gulf Marine and Blue Sky and Amerindo, as owner and operator of the defendant Vessel, entered into a Layberth Agreement dated December 18, 2015 (the "Agreement"), pursuant to which Gulf Marine provided various services and/or personnel for the Vessel, including but not limited to berthing and dockage, mooring services, horsepower, utilities and personnel while the Vessel lay afloat at Gulf Marine's facility in Aransas Pass, Texas, and such services and/or personnel were essential to and necessary for the operation of the Vessel and accomplishment of her mission.

VIII.

Under the Agreement, Blue Sky and Amerindo agreed to pay Gulf Marine a monthly layberth fee of $55,000, as well as additional costs associated with the mooring and berthing of the Vessel at Gulf Marine's facility and services and equipment provided to the Vessel by Gulf Marine.

IX.

Under the Agreement, interest is owed at the rate of 10% per annum for any and all amounts payable under the Agreement that are not paid when due.

X.

Moreover, the Agreement provides that the Agreement shall terminate "if Owner has not made payment, in accordance with this Agreement, within fifteen (15) days of written notice from Shipyard of such non-payment."

XI.

The Agreement provides that in the event of termination, Blue Sky and Amerindo are liable to pay Gulf Marine (1) any outstanding layberth fees; (2) compensation for materials, work or services provides; (3) interest due for late payment; and (4) costs incurred by Gulf Marine as a result of the termination.  Additionally, the Agreement provides that Blue Sky and Amerindo are liable for a $100,000 liquidated damages payment as a result of not timely removing the Vessel from Gulf Marine's facility.

XII.

From November 2015 through present, in accordance with the terms of the Agreement, Gulf Marine invoiced Blue Sky and Amerindo for layberth fees as well as other services and equipment provided to the Vessel.  In total, Blue Sky and Amerindo owe Gulf Marine approximately $811,901.93 in unpaid layberth fees and for other services and equipment provided, which amount Blue Sky and Amerindo have failed to pay, in breach of the terms and conditions of the Agreement.  The above figure, which continues to accrue daily, does not include interest to which Gulf Marine is justly and duly entitled.

XIII.

The failure of Blue Sky and Amerindo to pay amounts due is an enumerated event of default under the Agreement, entitling Gulf Marine to recover from Blue Sky and Amerindo not only to the aforementioned $811,901.93 amount due but also interest for late payment and costs incurred by Gulf Marine as a result of the termination.  Additionally, Blue Sky and Amerindo are liable for a $100,000 liquidated damages payment as a result of not timely removing the vessel from Gulf Marine's facility.

XIV.

Gulf Marine is entitled to a maritime lien against the Vessel, and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter. Gulf Marine provided goods and services for the Vessel on the order of the owner or a person authorized by the owner, which services and personnel constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. §31342 as defined in 46 U.S.C. §31301. Alternatively, Gulf Marine is entitled to a maritime lien against the Vessel as a result of the breach of the Agreement.

XV.

Blue Sky and Amerindo are justly indebted to Gulf Marine for the damages as aforesaid and as to be shown more particularly at trial.

XVI.

Despite numerous amicable demands and upon notice of monies owed by Blue Sky and Amerindo and/or the Vessel and requests for payment of the aforementioned charges, the debt has not been paid.

XVII.

Gulf Marine further requests that all expenses incurred in the safekeeping of the Vessel be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking the Vessel and maintaining the state of the Vessel following arrest, and that such expenses be paid prior to the release of the Vessel or distribution of proceeds of its sale.

XVIII.

Gulf Marine reserves the right to amend any article of this Verified Complaint as facts become better known.

{N3309764.1}

5

XIX.

In accordance with applicable Local Admiralty Rules, Gulf Marine agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of seizing the aforesaid property.

**WHEREFORE**, complainant, Gulf Marine prays:

1. For judgment *in personam* against defendants, Blue Sky and Amerindo together with interest at the contractually-agreed rate and/or pre-judgment interest, expenses, attorney's fees and costs;

2. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be issued by the Court against the ATP INNOVATOR bearing IMO Number 742 and Official No. 575567, her tackle, furniture, apparel, appurtenances, etc., and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the ATP INNOVATOR be seized, condemned and sold to satisfy all amounts owed to Gulf Marine, as set forth herein;

3. For Judgment *in rem*, against the ATP INNOVATOR in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses and all attorney's fees;

4. That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Gulf Marine as set forth herein;

5. That defendants be cited to appear and answer the matters aforesaid; and

6. That this Honorable Court grant plaintiff such other and further relief which it may deem just and proper.

                                  Respectfully submitted,
                                  */s/ Lara D. Pringle*
                                  Lara D. Pringle (Texas Bar No. 24056164)
                                  Jones Walker LLP
                                  First City Tower
                                  1001 Fannin Street, Suite 2450
                                  Houston, Texas 77002
                                  Telephone: (713) 437-1800
                                  Facsimile: (713) 437-1810
                                  Email: Lpringle@joneswalker.com
                                  Attorney for Gulf Marine Fabricators, LP

*Of Counsel:*

WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8315
Facsimile:    (504) 589-8315
Email:  wbaldwin@joneswalker.com
        fwogan@joneswalker.com