UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) and Rule C |

### MOTION TO DECLARE NECESSARY DOCKAGE AND SERVICES AS *CUSTODIA LEGIS* AND TO PERMIT MAINTENANCE ON VESSEL

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who files this Motion to Declare Necessary Dockage and Services to the *in rem* defendant vessel, the ATP INNOVATOR (the "Vessel"), as *custodia legis* and to permit ongoing maintenance on the Vessel to preserve its safekeeping.  In support of this Motion, Gulf Marine shows as follows:

1. Gulf Marine has filed a Verified Complaint to enforce its maritime lien for necessaries related to the ATP INNOVATOR bearing IMO No. 742 and Official No. 575567 in the above-captioned matter, in which it seeks to, among other things, arrest the Vessel.  (Rec. Doc. 1).

2. Gulf Marine has moved the Court to order the issuance of a warrant of arrest for the Vessel, and it is anticipated that the United States Marshal will arrest and take into its

{N3298420.1}

custody the defendant Vessel, and will detain the Vessel until further Order of this Court. (Rec. Doc. 2).

3. The Vessel is currently berthed at Gulf Marine's facility in Aransas Pass, Texas where the Vessel is docked pursuant to a Layberth Agreement between the Vessel's owner and Gulf Marine.

4. While the Vessel is under arrest, it will be necessary for Gulf Marine to continue to provide services, including dock space, utilities, equipment, and the like, to the Vessel to preserve and maintain her condition. It will also be necessary to permit ongoing maintenance of the Vessel to preserve her condition. Such expenses are classic *custodia legis* expenses and should be reimbursable to Gulf Marine prior to release of the Vessel or distribution of its sale proceeds.

5. "A district court sitting in admiralty has the equitable power to give priority to claims arising from the administration of property within the court's jurisdiction." *Nevi Maritime Co., Inc. v. M/V ALEXANDER'S UNITY*, 1993 WL 386257, at *3 (E.D. La. Sept. 21, 1993) (citing *New York Dock Co. v. The Poznan*, 274 U.S. 117, 121 (1927)).

6. "[S]ervices or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court . . . should be allowed as a *custodia legis* expense." *Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 816 (5th Cir. 1982); *see also U.S. v. One (1) 254 Ft. Freighter, M/V Andoria*, 570 F. Supp. 413, 416 (E.D. La. 1983) (McNamara, J.) (quoting *New York Dock Co. v. The Poznan*, 274 U.S. 117, 121 (1927)) (emphasis in original), *aff'd*, 768 F.2d 597 (5th Cir. 1985) ("It is well established that only those services or property furnished *upon the authority of*

*the Court* for the common benefit of those interested in a fund *administered by the Court* should be paid from the fund as an 'expense of justice.'").

5. The United States Fifth Circuit Court of Appeals has cautioned that "it is preferable to secure a court order authorizing this expense before incurring it." *Gen. Elec. Credit & Leasing Corp.*, 668 F.2d at 816. Such expenses have priority over and are paid before any maritime liens, including any preferred mortgage lien. *Id.* at 815.

6. Accordingly, Gulf Marine files this Motion, seeking a Court order (1) authorizing Gulf Marine to continue to provide services, including but not limited to dock space, utilities, equipment, and the like, to the Vessel to preserve and maintain her condition, (2) recognizing such expenses as *custodia legis* in an amount to be proven at trial, (3) declaring that such expenses be paid to Gulf Marine prior to the release of the Vessel or distribution of proceeds of its sale; and (4) authorizing ongoing maintenance of the Vessel to preserve her condition.

7. Gulf Marine agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of such continued services.

Respectfully submitted,
*/s/ Lara D. Pringle*
Lara D. Pringle (Texas Bar No. 24056164)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: Lpringle@joneswalker.com
Attorney for Gulf Marine Fabricators, LP

*Of Counsel:*

WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8315
Facsimile:      (504) 589-8315
Email:  wbaldwin@joneswalker.com
             fwogan@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

/s/ *Lara D. Pringle*