IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C. A. No. 2:16-cv-00430 |
| | § | Rule 9(h) - Admiralty |
| THE ATP INNOVATOR, bearing IMO No. | § | |
| 742, her tackle, furniture, apparel, | § | |
| appurtenances, etc., *in rem*, and AMERINDO | § | |
| SERVICES LTD. and BLUE SKY LANGSA | § | |
| LTD., *in personam*, | § | |
|     Defendants. | § | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

TO THE COURT:

COME NOW *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd. ("Defendants") filing their Answer to Plaintiff's Verified Complaint, and respectfully would show:

### FIRST DEFENSE

Defendants specifically invoke the defenses available under Rule 12(b)(1) - (7) of the Federal Rules of Civil Procedure, and file this answer subject to those defenses.

### SECOND DEFENSE

In reference to the specific allegations of the Complaint, and subject to the First Defense above, Defendants would show as follows:

### I.

Defendants deny the allegations contained in Paragraph 1 of the Complaint as to jurisdiction, particularly whether Rule C is properly invoked, but admit the venue allegations.

### II.

The allegations contained in Paragraph 2 of the Complaint do not pertain to Defendants

and require no response.

## III.

Regarding the allegations in Paragraph 3 of the Complaint, Defendants admit the Amerindo Services Ltd. is a foreign company and is the owner of the ATP INNOVATOR. The remaining allegations in Paragraph 3 of the Complaint are denied.

## IV.

Regarding the allegations in Paragraph 4 of the Complaint, Defendants admit the Blue Sky Langsa Ltd. is a foreign company. The remaining allegations in Paragraph 4 of the Complaint are denied.

## V.

Regarding the allegations is Paragraph 5 of the Complaint, Defendants admit the ATP INNOVATOR is in Texas, and within the district. Defendants further admit the USCG Vessel Documentation shows a USCG Doc. No. 575567 and an IMO No. 8754633 for the ATP INNOVATOR. The remaining allegations in Paragraph 5 of the Complaint are denied.

## VI.

Defendants admit the U.S. Coast Guard issued a Document on or about September 25, 2015, indicating that the ATP INNOVATOR is an Industrial Vessel. To the extent necessary, Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

## VII.

Regarding the allegations in Paragraph 7 of the Complaint, Defendants admit a document entitled Layberth Agreement was signed on or about December 18, 2015, and that the parties to the agreement are stated as Gulf Marine Fabricators, LP, Amerindo Services Ltd. and Blue Sky

Langsa Ltd. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

**VIII.**

Regarding the allegations in Paragraph 8 of the Complaint, Defendants admit that Exhibit A to the Layberth Agreement states there is a lay berth fee of $55,000.00 per month, and that other fees are listed in the Exhibit. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

**IX.**

Defendants deny the allegations contained in Paragraph 9 of the Complaint.

**X.**

Regarding the allegations in Paragraph 10 of the Complaint, Defendants admit that item 11.1(d) states what it says in the Layberth Agreement. To the extent necessary, Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

**XI.**

Regarding the allegations in Paragraph 11 of the Complaint, Defendants admit that to the extent the document is not ambiguous, the document speaks for itself. To the extent necessary, Defendants admit the remaining allegations contained in Paragraph 11 of the Complaint.

**XII.**

Defendants deny the allegations contained in Paragraph 12 of the Complaint.

**XIII.**

Defendants deny the allegations contained in Paragraph 13 of the Complaint.

## XIV.

Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## XV.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

## XVI.

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## XVII.

The allegations contained in Paragraph 17 of the Complaint do not pertain to Defendants and require no response.  To the extent a response in required, they are denied.

## XVIII.

The allegations contained in Paragraph 17 of the Complaint do not pertain to Defendants and require no response.  To the extent a response in required, they are denied.

## XIX.

Defendants deny the allegations contained in Paragraph 19 and the prayer of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The liquidated damages clause in the Layberth Agreement is not enforceable under the law that applies to liquidated damages clauses.

2. The ATP INNOVATOR is not a "vessel" for purposes of asserting a maritime lien against it., and consequently there is no *in rem* jurisdiction.

3. The doctrines of setoff and partial satisfaction of the debt are specifically invoked.

4. The one satisfaction rule is invoked.

5. Defendants will rely on any and all further defenses that become known to it between now and the time of trial, or which may be justified by the evidence at trial.

WHEREFORE, PREMISES CONSIDERED, Defendants pray: (1) that Plaintiff's Complaint be dismissed with prejudice, (2) that they have judgment against Plaintiff stating that they are not liable to Plaintiff, and (3) for such other relief to which they may be justly entitled.

Respectfully submitted,

By: */s/ Richard L. Gorman*
    Richard L. Gorman
    State Bar No. 00784155
    Federal Bar No. 15685
    12335 Kingsride Ln. #354
    Houston, Texas 77024-4116
    Telephone: (832) 725-4026
    Facsimile: (713) 239-1020
    Email: rg@richardgormanlaw.com
    Attorney for Defendants

OF COUNSEL:

RICHARD GORMAN LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December 2016, a copy of the foregoing was served on counsel of record *By Notice of Electronic Filing*.

>/s/ Richard L. Gorman
>Of Richard Gorman Law

01879/answer.12/07/16