IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS , LP | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C. A. No. 2:16-cv-00430 |
| | § | Rule 9(h) - Admiralty |
| THE ATP INNOVATOR, bearing IMO No. | § | |
| 742, her tackle, furniture, apparel, | § | |
| appurtenances, etc., *in rem*, and AMERINDO | § | |
| SERVICES LTD.  and BLUE SKY LANGSA | § | |
| LTD., *in personam*, | § | |
|     Defendants. | § | |

### CLAIMANT'S REPLY TO PLAINTIFF'S OPPOSITION TO CLAIMANT'S MOTION TO VACATE ARREST

TO THE COURT:

COMES NOW Amerindo Services Ltd., solely in its capacity as claimant to the ATP INNOVATOR ("Amerindo" or "Claimant"), filing its Reply to Plaintiff's Opposition to Claimant's Motion to Vacate Arrest, and respectfully would show:

**I.**

Plaintiff's Opposition to Claimant's Motion to Vacate Arrest contains one admission and one legal concession critical to the question of the status of the ATP INNOVATOR as a vessel.  First, as is most critical to the Court's analysis, Plaintiff admits that while the ATP INNOVATOR was at one time a semi-submersible drilling rig, it was converted from a drilling rig to an offshore production facility, which changed the purpose and use of the structure.[1] [Dkt. No. 23 at pp. 1-4].

---

[1] *Lozman* specifically discusses the issue of a transformed structure, indicting that the newly designed structure is what is relevant. *Lozman v. City of Riviera Beach*, 133 S.Ct. 735 (2013), citing *Kathriner v. Unisea, Inc.*, 975 F.2d 657, 660 (9th Cir. 1992)(floating processing plant was no longer a vessel where large opening had been cut into her hull).  *See* Ex. A attached at p. 6.

The job of a drilling rig, whether semi-submersible or jack-up, is to move onto an offshore field location, drill an oil and/or gas well, and then, when that project is complete, move to another location and do it all over again. The rig is a means of transporting the drilling rig, drill pipe, drilling mud, personnel and other equipment critical to offshore drilling from one location to another. The job of the offshore production facility like the ATP INNOVATOR is quite different. While the structure may have to be towed into position at the offshore oil and gas field,[2] once it is on location, the production facility is to remain there for the serviceable life of the field, which in all likelihood will be the remaining serviceable life of the INNOVATOR. It will not move once it is on location. Because of its intended purpose, the ATP INNOVATOR's function is far different than a semi-submersible or jack-up drilling rig that moves from location to location to drill wells. This critical difference means the cases Plaintiff cites holding semi-submersible drilling and jack up rigs to be vessels have no application to this context. Simply put, it is comparing apples to oranges.

Second, Plaintiff correctly cites *De La Rosa v. St. Charles Gaming Co.*, 474 F.3d 185, 187 (5th Cir. 2006) for the proposition that the Fifth Circuit has held that the intent of the owner plays a significant role in determining whether a structure is a vessel. In *De La Rosa*, the intent of the

---

[2] After the original conversion, the ATP INNOVATOR operated as a production facility on the Mississippi Canyon area of the Gulf of Mexico, off the Louisiana coast, connected to seabed and to oil and gas wells and pipelines. It was taken out of service by ATP Infrastructure Partners LP (the owner) and/or ATP Oil & Gas Corp. (the operator) in 2014 and towed to Corpus Christi due to the ATP Oil & Gas Corp.'s financial difficulties following the drilling moratorium imposed after the DEEPWATER HORIZON oil spill. The ATP INNOVATOR has been stacked or sitting idle in Ingleside ever since, but the purpose of the structure is the same as it was when it was operating as a deepwater production facility off the coast of Louisiana. As is critical here, the ATP INNOVATOR is no longer a semi-submersible drilling rig, so cases involving semi-submersibles or jack-up drilling rigs have no application to the question of whether the ATP INNOVATOR, in its current state as an offshore production facility, is a vessel for maritime lien purposes.

owner was to use CROWN CASINO as a indefinitely moored casino, and not as a vessel, even though it was still capable of being used as a vessel. *Id.* Plaintiff then argues that the intent of Amerindo is to move the ATP INNOVATOR to its permanent location, implying that Amerindo's only intent is to use the ATP INNOVATOR as a means of transportation. This argument misconstrues the affidavit of Joseph Key, and ignores the purpose of the restructured ATP INNOVATOR. While Amerindo intends to move the structure to an offshore oil and gas field, this is a necessary means to an end. The ATP INNOVATOR cannot perform its function where it is currently located. It must be towed to an offshore oil and gas field where it then can perform its function on a permanent basis. The necessity to tow the ATP INNOVATOR to its final location does not change the intent to use the structure as a permanently moored offshore oil and gas production facility.

Additionally, in its opposition Plaintiff makes much to do about the fact that the ATP INNOVATOR can be towed, essentially implying a transportation function to the structure. The mere fact that a structure can be towed to a position where it will be permanently located is not dispositive of the issue of vessel status. All of the facts and circumstances surrounding the structure's purpose must be assessed. In fact, the United States Supreme Court addressed the issue of the structure being towed in *Lozman*, holding that the mere fact that a structure gets towed is insufficient to sustain a conclusion of vessel status. *Lozman*, 133 S.Ct. at ___,[3] citing *Evansville & Bowling Green Packet Co. v. Chero Cola Bottling Co.*, 271 U.S. 19, 20-21(1926)(wharfboat not a vessel even though each winter it was towed to a harbor to protect it from ice). Towing in and of itself is not dispositive of vessel status.

---

[3]   *See* Ex. A attached at p. 7.

At the end of its opposition, Plaintiff tries to distinguish the cases cited by Claimant in support of its motion to vacate. Noticeably absent from this discussion is any significant argument as to how and why the ATP INNOVATOR production facility is different in purpose from the ATP TITAN production facility, given that both structures were designed, constructed and put into service by the same company to perform the same job of collecting, processing and distributing oil and gas into various pipelines for transport to shore. The ATP INNOVATOR originally performed this service, but was towed to shore when its operator went bankrupt.

The structure was in Corpus Christi when it was acquired by Amerindo. The uncontroverted evidence before this Court is that Amerindo intends to have the structure permanently installed at an offshore oil and gas field where the structure will remain permanently until the end of its serviceable life. To put it another way, Amerindo intends to put the structure to work doing the job it was restructured to do. Given what Amerindo intends to do with the structure, the purpose of the ATP INNOVATOR is no different than the purpose for which the ATP TITAN was constructed. There can be no doubt that the present purpose of the ATP INNOVATOR is separate and distinct from its prior purpose as a semi-submersible drilling rig. The current form of the ATP INNOVATOR has the same intended purpose as the ATP TITAN, which is not a vessel. *See Warrior Energy Services Corp. v. ATP Titan*, 2014 A.M.C. 2514, 2516-18 (5th Cir. 2014). Likewise, the ATP INNOVATOR is not a vessel.

Lastly, Plaintiff tries to imply that the motion to vacate cannot be a serious motion because an emergency hearing was not requested by the undersigned. This argument is disingenuous. Prior to filing the motion, the undersigned contacted the case manager to advise the Court that I was having hip replacement surgery the next day, and that I would be out of pocket for the next four

weeks or so, and not available for a hearing. If necessary, however, I could be reached on my mobile phone if the Court needed to contact me. I further advised the Court for this reason, and because the ATP INNOVATOR had no pressing engagement requiring the structure to leave the dock, I was content with having the vessel status issue decided on the briefs. I called Plaintiff's counsel and informed him of this. This is not an arrest situation where a container ship on a tight schedule has been seized and there is a need for a Rule 4(f) hearing on an emergency basis to decide an issue so that the ship can get back to work. The issue involved is quite serious, otherwise the motion to vacate would not have been filed, but the timing for a decision is not time critical. Consequently, I remain content to have the issue decided on the briefs, in accordance with the usual motion practice in this District.

      WHEREFORE, PREMISES CONSIDERED, Amerindo Services Ltd., solely in its capacity as Claimant, prays: (1) that the Court hold that the ATP INNOVATOR is not a vessel, (2) because the ATP INNOVATOR is not a vessel, that the Court vacate the arrest of the ATP INNOVATOR, and (3) for such other relief to which it may be justly entitled.

                                      Respectfully submitted,

                           By: */s/ Richard L. Gorman*
                                Richard L. Gorman
                                State Bar No. 00784155
                                Federal Bar No. 15685
                                12335 Kingsride Ln. #354
                                Houston, Texas 77024-4116
                                Telephone: (832) 725-4026
                                Facsimile: (713) 239-1020
                                Email: rg@richardgormanlaw.com
                                Attorney for Claimant
                                Amerindo Services Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 9th day of December 2016, a copy of the foregoing was served on counsel fo record ***By Notice of Electronic Filing***.

                                           */s/ Richard L. Gorman*
                                           Of Richard Gorman Law

01879/reply.12/09/16