UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) and Rule C |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who respectfully submits this Reply Memorandum in further support of its Motion for Review (R. Doc. 30) of the Magistrate Judge's Memorandum and Recommendation (R. Doc. 29). Gulf Marine submits this Reply Memorandum will be helpful to this Honorable Court in understanding the issues before it, the merits of Gulf Marine's position, and why the arguments of Amerindo Services, Ltd. ("Amerindo") are unavailing.

### I. The Applicable Standard is "Probable Cause," yet the Magistrate Judge Applied a More Onerous Standard.

To survive a Rule E motion to vacate, a plaintiff need only show "reasonable grounds for issuing the arrest warrant." *White Rosebay Shipping S.A. v. HNA Grp. Co., Ltd.*, No. C-12-096, 2012 WL 6858239, at *9 (S.D. Tex. Dec. 5, 2012) (citing *Salazar v. Atlantic Sun*, 881 F.2d 73, 79 (3d Cir. 1989)). "Reasonable grounds" is a standard of "probable cause," not "preponderance of the evidence." *See Olendorff Carriers GMBH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, No. 12-00074, 2013 WL 3937450, at *5 (S.D. Tex. July 30, 2012) (quoting