# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **GULF MARINE FABRICATORS, LP,** | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:16-cv-00430 |
| | § | |
| vs. | § | IN ADMIRALTY, |
| | § | |
| **THE ATP INNOVATOR ET AL**, | § | FRCP 9(h) and RULE C |
| | § | |
| *Defendants*. | § | **Judge Ramos** |
| | § | |
| | § | **Magistrate Judge Ellington** |

**This filing relates to Civil Action No. 2:16-cv-00430**

---

## OMEGA NATCHIQ, INC.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE

---

Date: February 8, 2017

Respectfully submitted,

**WATT THOMPSON FRANK & CARVER LLP**

By:   */s/ André deLaunay*
André C. deLaunay
State Bar No. 24050495
Southern District Bar No. 616392
1800 Pennzoil Place, South Tower
711 Louisiana Street
Houston, Texas  77002
Telephone: (713) 650-8100
Facsimile: (713) 650-8141
Email: adelaunay@wattbeckworth.com

**PERRIN, LANDRY & DELAUNAY**

Gerald C. deLaunay
LA Bar No. 4835
251 La Rue France
Lafayette, LA 70508
Telephone: (337) 237-8500
Facsimile: (337) 456-7738
Email: delaunay@plddo.com

**COUNSEL FOR**
**ASRC ENERGY SERVICES OMEGA, LLC**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................................... iii

**TABLE OF AUTHORITIES** ............................................................................................................ iv

**I.   PROCEDURAL BACKGROUND – THIS LITIGATION** .................................................... 2

**II.  PROCEDURAL BACKGROUND – RELATED LITIGATION AND FACTS** ................. 2

**III. ARGUMENTS & AUTHORITIES** ........................................................................................... 3

      A.    Intervention as a Right ................................................................................................. 3

          1.    Omega's motion to intervene is timely. ............................................................... 4

          2.    Omega has an interest in the property and transactions that form the basis of the present controversy. ............................................................................ 6

          3.    The disposition of this case may impair Omega's ability to protect its interest. .................................................................................................................. 7

          4.    The existing parties to this action do not adequately represent Omega's interest. .................................................................................................................. 8

      B.    Permissive Intervention ............................................................................................... 8

**IV. REQUEST FOR RELIEF** ........................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**

*Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014) .......................................................................... 7

*Edwards v. City of Houston*, 78 F.3d 983 (5th Cir.1996) ........................................................... 4, 5

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002) .......... 4, 6, 7, 8

*John Doe No. 1 v. Glickman*, 256 F.3d 371 (5th Cir. 2001) .................................................... 4, 6, 7

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3d Cir. 1995) . 7

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir.1994) ..................................................................... 6, 8

**Rules**

FED. R. CIV. P. 24(a)(2) (2010) .................................................................................................. 3, 7

FED. R. CIV. P. 24(b) ....................................................................................................................... 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:16-cv-00430 |
| | § | |
| vs. | § | Judge Ramos |
| | § | |
| THE ATP INNOVATOR ET AL, | § | |
| | § | |
| *Defendant*. | § | |

This filing relates to Civil Action No. 2:16-cv-00430

---

**ASRC ENERGY SERVICES OMEGA, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Civil Action No. 2:16-cv-00430 concerns whether, by virtue of a Layberth Agreement, Plaintiff Gulf Marine Fabricators, LP ("Gulf Marine") is entitled to the seizure, condemnation, and sale of the ATP INNOVATOR. ASRC Energy Services Omega, LLC[1] ("Omega") holds the mortgage on the ATP INNOVATOR, as well as liens pursuant to the Louisiana Oil Well Lien Act ("LOWLA," La. R.S. 9:4861 *et seq.*). Thus, Omega has an interest in the property that form the basis of this suit and is so situated that disposing of this action may as a practical matter impair or impede Omega's ability to protect that interest. Omega also has claims that share common questions of law and fact with Gulf Marine's main action; indeed, the relief sought in Omega's complaint-in-intervention with respect to the disposition of the ATP INNOVATOR is similar to the relief sought in Gulf Marine's complaint. Accordingly, Omega's intervention is proper under Rule 24(a) and (b) of the Federal Rules of Civil Procedure.

---

[1] Formerly named Omega Natchiq, Inc.

{00198162.DOC }

## I. PROCEDURAL BACKGROUND – THIS LITIGATION

On or around October 13, 2016, Gulf Marine filed suit against Defendants, Civil Action No. 2:16-cv-00430, seeking judgment *in personum* against defendants Amerindo Services, Ltd. ("Amerindo") and Blue Sky Langsa Ltd. ("Blue Sky") for monies owed pursuant to a Layberth Agreement, and *in rem* against the ATP INNOVATOR, a production facility moored in Gulf Marine's yard under the Layberth Agreement. [Dkt. No. 1].

On or around December 7, 2016, Blue Sky and Amerindo each filed its Answer. [Dkt. No. 25 and 26].

## II. PROCEDURAL BACKGROUND – RELATED LITIGATION AND FACTS

During the period 2008 through 2013, the ATP INNOVATOR was a floating production facility used by ATP Oil & Gas Corp. ("ATP") to operate its mineral properties in Mississippi Canyon Block 711, located in the Gulf of Mexico off the coast of Louisiana. Between February, 2008 and June, 2013, Omega provided goods and services to ATP, who was at all pertinent times the mineral lessee of properties encompassing the entire Mississippi Canyon Block 711.

At the request of ATP, Omega continuously provided goods and services to ATP aboard the ATP INNOVATOR in furtherance of the operations of ATP's mineral properties. Omega has not been paid for work done in connection with the ATP INNOVATOR.

On August 15, 2012, Omega timely recorded a Statement of Privilege under the Louisiana Oil Well Lien Act ("LOWLA"), codified as La. R.S. 9:4861 *et seq.* Omega's mineral lien became effective in February, 2008, and the lien was thereafter amended on three occasions.[2]

---

[2] Certified copies of the Statement of Privilege, along with the First, Second and Third Amendments to the Statement of Privilege, have been recorded in San Patricio County and Nueces County.

{00198162.DOC }

2

On July 3, 2013, Omega initiated civil action no. 13-4985B(2) against the then-owner of the ATP INNOVATOR, ATP Infrastructure Partners, in the Eastern District of Louisiana to enforce its LOWLA privileges (the "E.D. LA action"). This case was administratively stayed on July 9, 2014 pending a determination of the amount of Omega's claim in the bankruptcy of ATP Oil & Gas.

On February 3, 2017, Omega received the Assignment of Mortgage on the ATP INNOVATOR.

### III.  ARGUMENTS & AUTHORITIES

The parties to this lawsuit are asking this Court to make a determination as to whether or not the ATP INNOVATOR should be considered a vessel, and further to determine whether, if monies are indeed owed to Gulf Marine, the ATP INNOVATOR should be seized, condemned and sold to satisfy such indebtedness. As such, it is proper that Omega intervene (1) to protect its interest in the property at issue, and (2) because Omega has a claim that shares common questions of law and fact with the main action of this case.

#### A.  Intervention as a Right

Federal Rule of Procedure 24(a) governs interventions of right. It states, in pertinent part:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2) (2010). Thus, intervention as of right under Rule 24(a)(2) is based on four requirements:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Id.* (quoting *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)). Because Omega satisfies all four requirements of Rule 24(a)(2), this Court is required to permit Omega to intervene.

### 1. *Omega's motion to intervene is timely.*

Omega's motion to intervene is timely because it is filed before the joinder and pleading deadline of April 3, 2017 set by this Court. Furthermore, Omega satisfies the four factors listed below, which are considered when determining if an intervention should be permitted.

When determining whether a motion to intervene is timely, a court may consider the following four factors: (1) how long the potential intervener knew or reasonably should have known of his stake in the case into which he seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when he knew or reasonably should have known of his stake in that case; (3) the prejudice, if any, the potential intervener may suffer if the court does not let him intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. *Heaton*, 297 F.3d at 422-23; *John Doe No. 1*, 256 F.3d at 376. These factors are a framework and "not a formula for determining timeliness." *John Doe No. 1*, 256 F.3d at 376 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir.1996)).

With respect to the first timeliness factor, "the timeliness clock runs either from the time the applicant knew or reasonably should have known of his [stake in the case into which he seeks to intervene] or from the time he became aware that his [stake] would no longer be protected by the existing parties to the lawsuit." *Id.* Omega did not receive its assignment of the Mortgage on

{00198162.DOC }
4

the ATP INNOVATOR until last week on Friday, February 3, 2017. Thus, Omega's motion to intervene is timely.

Similarly, Omega's motion to intervene is timely under the second timeliness factor. This factor concerns whether Gulf Marine, Amerindo or Blue Sky would be prejudiced by allowing Omega to intervene at this point in the litigation. They would not. First and foremost, this motion is filed prior to the joinder and pleading deadline—nearly incontrovertible proof there would be no prejudice to the existing parties. Also, the Court recently issued a docket control order that sets trial for October 17, 2017, which is almost nine months away. The parties are in the earliest phases of discovery. Finally, this lawsuit seeks relief similar to the relief sought in Omega's Complaint-in-Intervention; thus, there are no new claims that Omega is asserting that would reasonably cause any party surprise.

On the other hand, Omega will be prejudiced if it is not allowed to intervene. It is possible that the Court could rule in this lawsuit without hearing from Omega. If not allowed to intervene, Omega, as a nonparty, would be foreclosed from participating in the trial concerning this ruling and appealing the ruling. *See Edwards*, 78 F.3d at 1003 (stating that to deny intervention would deprive the nonparty the opportunity to exercise "the legal rights associated with formal intervention, namely the briefing of issues, presentation of evidence, and ability to appeal"). Additionally, Omega's interest in the Mortgage on the ATP INNOVATOR will be directly affected by this lawsuit, as Omega's Mortgage predates Gulf Marine's claims. See **Exhibit A**, Mortgage and Assignment of Mortgage. Similarly, Omega's LOWLA liens also predate Gulf Marine's claims. See **Exhibit B**, LOWLA Statement of Privilege and Amendments. And both Amerindo and Blue Sky executed a note in the amount of $1,125,438.25, which was assigned to Omega, and which remains unpaid. See **Exhibit C**,

Secured Promissory Note and Assignment of Note. Thus, a ruling in this lawsuit without Omega's participation would restrict Omega's remedies in a separate suit. These facts weigh in favor of Omega's intervention in the lawsuit. *See, e.g., John Doe No. 1*, 256 F.3d at 379 (holding that the potential intervener could suffer prejudice if not allowed to intervene into an action because the ruling in that action would restrict any remedy she sought in a separate suit). Accordingly, the third timeliness factor also favors Omega.

The fourth factor concerning unusual circumstances also supports a finding that Omega's motion to intervene is timely. Simply put, the ATP INNOVATOR is a valuable property, and is situated locally. Omega's Mortgage and LOWLA liens apply to this property and predate Gulf Marine's claims. Thus, any disposition of the ATP INNOVATOR should take into account Omega's claims.

In the unlikely event the Court finds that Omega has not satisfied each of the factors considered to determine timeliness, the factors are not absolute measures; timeliness is determined from all the circumstances. *Heaton*, 297 F.3d at 423. Thus, a motion to intervene may still be timely even if all the factors do not weigh in favor of a finding of timeliness. *John Doe No. 1*, 256 F.3d at 376. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervener, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.* at 375 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994)). As discussed above, the parties are not prejudiced by having Omega intervene at this time in the present action. For these reasons, Omega's motion to intervene is timely.

> 2. ***Omega has an interest in the property and transactions that form the basis of the present controversy.***

A potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which he seeks to intervene, if the potential

intervener has a "direct, substantial, [and] legally protectable" interest in such property or transaction. *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014). The property that forms the basis of the present suit is the ATP INNOVATOR. As discussed above, Omega holds both the Mortgage on the ATP INNOVATOR and LOWLA liens on the ATP INNOVATOR. And while Omega is not party to the Layberth Agreement described in Gulf Marine's complaint, "[p]roposed intervenors need not have an interest in every aspect of the litigation. They are entitled to intervene as to specific issues so long as their interest in those issues is significantly protectable." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995). Accordingly, Omega's interest is sufficiently related to the property at issue in this case to warrant intervention.

3. ***The disposition of this case may impair Omega's ability to protect its interest.***

In order to intervene as a matter of right, the potential intervener must be situated so that the disposition of the case into which he seeks to intervene may impair or impede his ability to protect his interest. FED. R. CIV. P. 24(a)(2); *John Doe No. 1*, 256 F.3d at 380. In this lawsuit, Gulf Marine seeks judgment seizing, condemning and selling the ATP INNOVATOR to satisfy unpaid fees. But Omega's claims on the ATP INNOVATOR (the Mortgage and LOWLA liens) predate Gulf Marine's claims, such that any seizure and sale of the ATP INNOVATOR to satisfy Gulf Marine's claims would unfairly and improperly give Gulf Marine's claims on the INNOVATOR priority over Omega's claims. Thus, a ruling in the lawsuit, given it involves the same property and the same applicable law, would limit Omega from litigating the same issue in a separate lawsuit. For these reasons, Omega should be allowed to intervene. *See Heaton*, 297 F.3d at 424 ("[T]he stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention.") (quotation omitted).

      **4.**      *The existing parties to this action do not adequately represent Omega's interest.*

A potential intervener has the burden of proving that the existing parties do not adequately represent his interest. *Espy*, 18 F.3d at 1207. This burden, however, is "minimal." *Id.* "The potential intervener need only show that the representation *may* be inadequate." *Id.* (emphasis added).

Although Omega and Gulf Marine seek similar relief, their interests quickly diverge given the timing of each party's claims for damages, the fact that they are not in the same line of business, and each party's standing for the recovery of damages from the defendants. *See Heaton*, 297 F.3d at 425 (finding that the fact the intervener and an existing party's interests might diverge in the future, even though they appear to share common ground at the moment, was enough to meet the intervener's burden on the issue of inadequate representation). Furthermore, Omega and Defendants are adverse on all claims filed in this matter. Accordingly, the existing parties do not adequately represent Omega's interest in this case.

Omega has shown that it meets the requirements of Federal Rule of Civil Procedure 24(a)(2). For this reason, Statoil should be allowed to intervene as of right as a plaintiff-in-intervention in Civil Action No. 2:16-cv-00430.

      **B.**    **Permissive Intervention**

Pursuant to Federal Rule of Procedure 24(b), this Court may permit Omega to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

It is without doubt that Omega has claims that share common questions of law and fact with the main action in the lawsuit. Both Omega and Gulf Marine assert claims for monies owed

{00198162.DOC }

8

related to the ATP INNOVATOR. Furthermore, the intervention sought by Statoil will not delay or prejudice the adjudication of any of the existing parties' rights. As discussed above, this motion to intervene is filed before the pleading deadline, this case is not set for trial until almost nine months from now, and discovery is at the very earliest stages.

Because the claims filed by Omega in its complaint-in-intervention share common questions of law and fact with the main action in this case, and because the existing parties will not be prejudiced in any way by allowing Omega to intervene in this action, this Court should grant Omega's motion to intervene.

### IV.  REQUEST FOR RELIEF

ASRC Energy Services Omega, LLC respectfully requests that the Court grant its Motion to Intervene and direct the clerk of court to file ASRC Energy Services Omega, LLC's complaint-in-intervention submitted herewith, and grant ASRC Energy Services Omega, LLC any further relief to which it may show itself legally or equitably entitled.

>                    Respectfully submitted,
>
> **WATT THOMPSON FRANK & CARVER LLP**
>
> By:   */s/ André deLaunay*
>         André C. deLaunay
>         State Bar No. 24050495
>         Southern District Bar No. 616392
>         1800 Pennzoil Place, South Tower
>         711 Louisiana Street
>         Houston, Texas  77002
>         Telephone: (713) 650-8100
>         Facsimile: (713) 650-8141
>         Email: adelaunay@wattbeckworth.com
>
> **PERRIN, LANDRY & DELAUNAY**
>
>         Gerald C. deLaunay
>         LA Bar No. 4835
>         251 La Rue France

                    Lafayette, LA 70508
                    Telephone:  (337) 237-8500
                    Facsimile:  (337) 456-7738
                    Email: delaunay@plddo.com

**COUNSEL FOR**
**ASRC ENERGY SERVICES OMEGA, LLC**

## CERTIFICATE OF CONFERENCE

Counsel for Omega has spoken with William C. Baldwin, counsel for Plaintiff, who has agreed to confer with his client and advise whether Plaintiff opposes the intervention by Omega.

Counsel for Omega has spoken with Richard Gorman, counsel for Defendants, who advises that Defendants oppose the Motion to Intervene.

/s/ Gerald C. deLaunay
Gerald C. deLaunay

## CERTIFICATE OF SERVICE

I certify that on February 8, 2017, a true and correct copy of the foregoing document has been served on the Parties in accordance with the Federal Rules of Civil Procedure.

/s/ André C. deLaunay
André C. deLaunay