UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD., *in personam*,<br>and *BLUE SKY LANGSA LTD, in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

### FIRST AMENDED AND RESTATED VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP, and for its First Amended and Restated Verified Complaint against the ATP INNOVATOR, IMO Number 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*, Amerindo Services, Ltd, *in personam*, and Blue Sky Langsa Ltd, *in personam*, stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and alternatively, under diversity jurisdiction and asserting claims under Texas law, alleges upon information and belief as follows:

{N3379758.2}

## JURISDICTION AND PARTIES

I.

Jurisdiction is proper in accordance with 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

II.

Alternatively, this Honorable Court has diversity jurisdiction under 28 U.S.C. § 1332 as the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.

Gulf Marine Fabricators, LP was and now is a limited partnership organized under the laws of the State of Texas, whose principal place of business is in the State of Texas.  The sole partner of Gulf Marine Fabricators, LP is Gulf Island Fabrication, Inc., a Louisiana corporation who maintains a principal place of business is in the State of Texas.

Defendants, Amerindo Services, Ltd. and Blue Sky Langsa, Ltd., are foreign corporations incorporated under the laws of the State of Delaware, and do not have a principal place of business in either the State of Texas or the State of Louisiana.  Defendants, Amerindo Services, Ltd. and Blue Sky Langsa, Ltd., have denied that they have any presence in the State of Texas. [*See* R. Doc. 25, p. 2.]  Further, Amerindo Services, Ltd. and Blue Sky Langsa, Ltd. are recognized as foreign corporations by the Texas Secretary of State and as that term is used in Tex. Civ. Prac. & Rem. Code Ann. § 61.002(1).  As described in greater detail below, the amount in controversy exceeds $75,000.

Gulf Marine Fabricators, LP is considered a citizen of Louisiana and Texas for purposes of diversity jurisdiction.  Amerindo Services, Ltd. and Blue Sky Langsa, Ltd. are citizens of Delaware and are not citizens of Texas or Louisiana for purposes of diversity jurisdiction.  As such, the dispute involves citizens of different states, the amount in controversy exceeds

$75,000, and diversity jurisdiction exists.  Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 with respect to any state law causes of action set forth herein.

III.

Similarly, this is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202, brought for the purpose of determining questions of law and fact in an actual controversy between the parties as hereinafter more fully appears.

IV.

Venue is proper in this district in accordance with 28 U.S.C. § 1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

V.

At all material times, plaintiff, Gulf Marine Fabricators, LP (hereinafter referred to as "Gulf Marine") was and now is a limited partnership organized under the laws of the State of Texas and doing business within the State of Texas, and within the jurisdiction of this Honorable Court.

VI.

Upon information and belief, defendant, Amerindo Services, Ltd. (hereinafter referred to as "Amerindo") was and now is a foreign corporation without a principal place of business in the State of Texas.  Amerindo was and is the registered owner of the ATP INNOVATOR, bearing IMO Number 742 and Official No. 575567 (hereinafter referred to as the "Vessel").  A copy of the abstract obtained from the United States Coast Guard National Vessel Documentation Center indicating Amerindo as the record title holder of the Vessel is attached hereto as Exhibit 1.

VII.

Amerindo does business in Texas and has entered into a contract with Gulf Marine, a citizen of Texas, for the performance of services to and necessaries for the Vessel while located

in Texas. Gulf Marine's claims against Amerindo arise from and relate to a contract entered into by Amerindo whereby Amerindo has purposefully availed itself of the privilege of conducting activities in Texas, invoking the benefits and protections of its laws.

VIII.

Upon information and belief, defendant, Blue Sky Langsa Ltd. (hereinafter referred to as "Blue Sky") was and now is a foreign corporation without a principal place of business in the State of Texas.

IX.

Blue Sky does business in Texas and has entered into a contract with Gulf Marine, a citizen of Texas, for the performance of services to and necessaries for the Vessel while located in Texas. Gulf Marine's claims against Blue Sky arise from and relate to a contract entered into by Blue Sky whereby Blue Sky has purposefully availed itself of the privilege of conducting activities in Texas, invoking the benefits and protections of its laws.

X.

At all material times, defendant, the Vessel, ATP INNOVATOR, bearing IMO Number 742 and Official No. 575567, was and still is a floating oil production vessel, documented in the United States of America. The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, upon the navigable waters of Texas, within this district and within the jurisdiction of this Honorable Court.

**FACTS AND CLAIMS**

**RULE C AND BREACH OF CONTRACT CLAIM**

XI.

Upon information and belief, the United States Coast Guard, through the National Vessel Documentation Center, issued a Certificate of Documentation to the ATP INNOVATOR dated

on or about September 25, 2015 with a Registry Endorsement for a listed vessel service of Industrial Vessel.

XII.

Gulf Marine and Blue Sky and Amerindo, as operator and owner of the Vessel, entered into a Layberth Agreement dated December 18, 2015 (the "Agreement"), pursuant to which Gulf Marine provided various services and/or personnel for the Vessel, including but not limited to berthing and dockage, mooring services, horsepower, utilities and personnel while the Vessel lay afloat at Gulf Marine's facility in Aransas Pass, Texas, and such services and/or personnel were essential to and necessary for the operation of the Vessel and accomplishment of her mission. A copy of the Agreement is attached hereto as Exhibit 2.

XIII.

Under the Agreement, Blue Sky and Amerindo agreed to pay Gulf Marine a monthly layberth fee of $55,000, as well as additional costs associated with the mooring and berthing of the Vessel at Gulf Marine's facility and services and equipment provided to the Vessel by Gulf Marine.

XIV.

Under the Agreement, interest is owed at the rate of 10% per annum for any and all amounts payable under the Agreement that are not paid when due.

XV.

Moreover, the Agreement provides that the Agreement shall terminate "if Owner has not made payment, in accordance with this Agreement, within fifteen (15) days of written notice from Shipyard of such non-payment."

XVI.

The Agreement provides that in the event of termination, Blue Sky and Amerindo are liable to pay Gulf Marine (1) any outstanding layberth fees; (2) compensation for materials, work or services provides; (3) interest due for late payment; and (4) costs incurred by Gulf Marine as a result of the termination. Additionally, the Agreement provides that Blue Sky and Amerindo are liable for a $100,000 liquidated damages payment as a result of not timely removing the Vessel from Gulf Marine's facility. The Agreement also provides that Blue Sky and Amerindo shall indemnify Gulf Marine for any legal fees incurred as a result of a breach of the Agreement by Blue Sky and Amerindo.

XVII.

Section 8.6 of the Agreement provides that Gulf Marine "shall have … the right to exercise all applicable liens (whether maritime, possessory rights of retention or otherwise over the [Vessel] and its equipment and appurtenances for any amounts due and payable to [Gulf Marine] under this Agreement."

XVIII.

From November 2015 through present, in accordance with the terms of the Agreement, Gulf Marine invoiced Blue Sky and Amerindo for layberth fees as well as other services and equipment provided to the Vessel. In total, Blue Sky and Amerindo owe Gulf Marine approximately $1,200,323.69 in unpaid layberth fees and for other services and equipment provided, which amount Blue Sky and Amerindo have failed to pay, in breach of the terms and conditions of the Agreement. The above figure, which continues to accrue daily, does not include interest or attorney's fees to which Gulf Marine is justly and duly entitled; and it does not include liquidated damages for the failure of Blue Sky and Amerindo to timely remove the Vessel from Gulf Marine's facility in further breach of the Agreement.

XIX.

The failure of Blue Sky and Amerindo to pay amounts due is an enumerated event of default under the Agreement, entitling Gulf Marine to recover from Blue Sky and Amerindo not only to the aforementioned $1,200,323.69 amount due but also interest for late payment and costs incurred by Gulf Marine as a result of the termination. Additionally, Blue Sky and Amerindo are liable for a $100,000 liquidated damages payment as a result of not timely removing the vessel from Gulf Marine's facility; and Blue Sky and Amerindo are required under the Agreement to remove the Vessel from Gulf Marine's facility at the expense of Amerindo and Blue Sky. Amerindo and Blue Sky have failed to remove the Vessel from Gulf Marine's facility, causing Gulf Marine to continue to suffer damages for which Amerindo and Blue Sky are liable. Under the Agreement, Blue Sky and Amerindo are further liable for Gulf Marine's attorney's fees and costs in bringing this action.

XX.

Gulf Marine is entitled to a maritime lien against the Vessel, and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter. Gulf Marine provided goods and services for the Vessel on the order of the owner or a person authorized by the owner, which services and personnel constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. §31342 as defined in 46 U.S.C. §31301. Alternatively, Gulf Marine is entitled to a maritime lien against the Vessel as a result of the breach of the Agreement.

XXI.

Blue Sky and Amerindo are justly indebted to Gulf Marine for the damages as aforesaid and as to be shown more particularly at trial.

XXII.

Despite numerous amicable demands and upon notice of monies owed by Blue Sky and Amerindo and/or the Vessel and requests for payment of the aforementioned charges, the debt has not been paid.

XXIII.

Gulf Marine further requests that all expenses incurred in the safekeeping of the Vessel be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking the Vessel and maintaining the state of the Vessel following arrest, and that such expenses be paid prior to the release of the Vessel or distribution of proceeds of its sale.

**RULE 64 WRIT OF ATTACHMENT UNDER TEXAS LAW**

XXIV.

In the alternative to its maritime lien rights in the Vessel, Gulf Marine seeks an attachment of the Vessel under Texas state law to secure Gulf Marine's potential judgment against Amerindo.

XXV.

Gulf Marine re-alleges and re-avers the allegations contained in Paragraphs XI – XXIII.

XXVI.

Rule 64(a) of the Federal Rules of Civil Procedure provides that:

> [a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Rule 64(b) identifies the specific kinds of remedies available thereunder, including the writ of attachment.

XXVII.

Amerindo has property within this district, namely the Vessel.

XXVIII.

Pursuant to Texas law, a writ of attachment may be issued against the Vessel as a result of Amerindo's indebtedness to Gulf Marine.

XXIX.

Amerindo is justly indebted to Gulf Marine in the amount of $1,200,323.69 plus interest for late payment and costs incurred by Gulf Marine as a result of the termination of the Agreement, as well as for $100,000 in liquidated damages for not timely removing the Vessel from Gulf Marine's facility. Gulf Marine is also entitled to attorneys' fees and costs as are equitable and just.

XXX.

Gulf Marine seeks an attachment for the sole reasons of obtaining security for the debts owed by Amerindo.

XXXI.

Gulf Marine does not seek an attachment for any other purpose, including for the purpose of injuring or harassing Amerindo.

XXXII.

Given the ongoing failure to pay the debts owed, Gulf Marine will lose the debt owed to it unless the writ of attachment is issued.

XXXIII.

Specific grounds for the writ exist under §61.002 of the Texas Civil Practice and Remedies Code, as Amerindo is a foreign corporation as recognized by the Texas Secretary of State and as that term is used in the Texas Civil Practice and Remedies Code § 61.002(1).

XXXIV.

As such, Gulf Marine is entitled to a writ of attachment against property owned by Amerindo that is located within this district.

XXXV.

Accordingly, Gulf Marine is desirous of attaching the Vessel, its engines, tackle, furniture, apparel, appurtenances, etc., which is currently located in Aransas Pass, Texas pursuant to Texas Civil Practice and Remedies Code §§61.001, *et seq.*, to secure its potential judgment against Amerindo.

## DECLARATORY JUDGMENT OF RIGHTS UNDER THE UNIFORM COMMERCIAL CODE

XXXVI.

In the alternative to its maritime lien rights in the Vessel, Gulf Marine also seeks a declaratory judgment with respect to its rights, interests, and remedies with respect to the Vessel under Texas law.

XXXVII.

Gulf Marine re-alleges and re-avers the allegations contained in Paragraphs XI – XXXV.

XXXVIII.

Under the Agreement, Amerindo granted Gulf Marine a security interest in the Vessel, which security interest is enforceable against Amerindo under Texas law as value has been given, Amerindo maintains rights in the Vessel, Amerindo has authenticated a security agreement that provides a description of the Vessel, and because the Vessel is in possession of Gulf Marine, the secured party.

XXXIX.

On December 30, 2016, Gulf Marine filed a UCC-1 Financing Statement against Blue Sky and Amerindo, identifying Gulf Marine as a secured party, describing the Vessel as collateral and stating that it had a lien for services furnished to Blue Sky and Amerindo pursuant to the Agreement between the parties.  A copy of the UCC-1 Financing Statement is attached hereto as Exhibit 3.

XL.

Gulf Marine perfected its interest in the Vessel by filing the UCC-1 Financing Statement and, at the time of that filing, there were no other UCC security interests of record in the Vessel. Accordingly, Gulf Marine's UCC security interest in the Vessel primes any other party.

XLI.

The Vessel constitutes goods under the Uniform Commercial Code ("UCC") of Texas. *See* Tex. Bus. & Com. Code Ann. §9.203.

XLII.

Gulf Marine has a valid security interest under the UCC and already maintains possession of the Vessel.

XLIII.

Amerindo has failed to pay for services provided by Gulf Marine to the Vessel and is in breach of the Layberth Agreement, entitling Gulf Marine to exercise its rights under the Texas UCC with respect to its security interests in the Vessel.  There is case or controversy that is ripe for adjudication by this Honorable Court; and Gulf Marine is entitled to a determination by the Court that it possesses a valid first-ranking UCC lien against the Vessel and has the right to sell the Vessel at a private or public sale pursuant to and under the UCC.

XLIV.

Gulf Marine reserves the right to amend any article of this First Amended and Restated Verified Complaint as facts become better known.

XLV.

To the extent applicable, and in accordance with applicable Local Admiralty Rules, Gulf Marine agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a result of seizing the aforesaid property.

**WHEREFORE**, complainant, Gulf Marine prays:

1. For judgment *in personam* against defendants, Blue Sky and Amerindo, for the amounts owed, as well as judgment requiring Blue Sky and Amerindo to remove the Vessel after payment of the full amount of the judgment, together with interest at the contractually-agreed rate and/or pre-judgment interest, expenses, attorney's fees and costs;

2. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be issued by the Court against the ATP INNOVATOR bearing IMO Number 742 and Official No. 575567, her tackle, furniture, apparel, appurtenances, etc., and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the ATP INNOVATOR be seized, condemned and sold to satisfy all amounts owed to Gulf Marine, as set forth herein;

3. For Judgment *in rem*, against the ATP INNOVATOR in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses and all attorney's fees;

4.  That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Gulf Marine as set forth herein;

5.  That defendants be cited to appear and answer the matters aforesaid;

6.  That, after due proceedings had, this Honorable Court enter declaratory judgment in favor of Gulf Marine, declaring that:

    (a) it possesses a valid, first-ranking UCC lien under Texas law against the ATP INNOVATOR bearing IMO Number 742 and Official No. 575567, her tackle, furniture, apparel, appurtenances, etc.; and

    (b) it has the right under Texas UCC law to sell the ATP INNOVATOR bearing IMO Number 742 and Official No. 575567, her tackle, furniture, apparel, appurtenances, etc., at a private or public sale pursuant to and under the UCC;

7.  That any subsequently filed Writ of Attachment be deemed good and proper, and that the Writ of Attachment be issued by this Court attaching the ATP INNOVATOR bearing IMO Number 742 and Official No. 575567, her tackle, furniture, apparel, appurtenances, etc., under Rule 64 and pursuant to Texas law; and

8.  That this Honorable Court grant plaintiff such other and further relief which it may deem just and proper.

Respectfully submitted,

*/s/ William C. Baldwin*
Lara D. Pringle (Texas Bar No. 24056164)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: lpringle@joneswalker.com

*Of Counsel:*

WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8315
Facsimile:    (504) 589-8315
Email:  wbaldwin@joneswalker.com
        fwogan@joneswalker.com
**Attorneys for Gulf Marine Fabricators, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

/s/ *William C. Baldwin*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

## **VERIFICATION**

**STATE OF TEXAS**

**COUNTY OF** HARRIS

BEFORE ME, the undersigned authority, personally came and appeared:

**TODD LADD**

who, after being duly sworn, did depose and say that:

I.

He is the Executive Vice President and Chief Operating Officer of Gulf Island Fabrication, Inc., the parent company of the wholly owned subsidiary of Gulf Marine Fabricators, LP, which is the plaintiff in the above-captioned matter.

II.

He read the foregoing First Amended and Restated Verified Complaint, and it is true and correct to the best of his knowledge, information and belief.

{N3382129.1}

III.

The sources of his said knowledge, information and belief are his position of Chief Operating Officer, his personal knowledge arising from the course and scope of his employment and his review of certain business records, which are ordinarily kept and readily accessible to him.

IV.

Attached to the First Amended and Restated Verified Complaint as exhibits are true and correct copies of the documents kept in the ordinary course and scope of business.

V.

He is authorized to make this Verification on behalf of Gulf Marine Fabricators, LP.

_____
TODD LADD

SWORN TO AND SUBSCRIBED

BEFORE ME, NOTARY,

THIS 20 DAY OF MARCH, 2017.

_____
NOTARY PUBLIC

ALEXANDRA KUHN
My Notary ID # 129059837
Expires July 20, 2020

{N3382129.1}

2