United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-430 |
| | § | |
| THE ATP INNOVATOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO INTERVENE

ARSC Energy Services Omega LLC (Omega) filed a motion to intervene (D.E. 39). After considering the motion, the response, reply, and the evidence, Omega's motion to intervene is DENIED without prejudice.

## BACKGROUND

In October 2016 Gulf Marine Fabricators, LP (Gulf Marine) filed suit *in rem* against the ATP Innovator and *in personam* against the remaining defendants to recover monies due for services to the ATP Innovator at layberth. Gulf Marine obtained a warrant for the arrest of the ATP Innovator and requests its sale.

Defendants challenged the status of the ATP Innovator as a vessel. The undersigned found that the ATP Innovator is not a vessel and recommended that the motion to vacate the arrest be granted by Memorandum and Recommendation dated December 14, 2016. Gulf Marine objected to the recommendation. Following a hearing before the District Court, a decision on the merits of the motion to vacate has been stayed

for at least sixty (60) days so that the parties can conduct jurisdictional discovery (D.E. 55).

Omega seeks to intervene *in rem* to protect its recently acquired mortgage secured by the ATP Innovator from Gulf Marine's claims. Omega also seeks to protect its rights under the Louisiana Oil Well Lien Act which derive from a suit filed in the Eastern District of Louisiana, Docket No. 2:13-cv-04985 against ATP Infrastructure Partners, LP. That case was administratively closed in July 2014 pending the resolution of ATP Oil & Gas Corporation's bankruptcy. Omega also filed an adversary suit in the bankruptcy proceedings, Cause No. 4:14-3301, and a separate suit in the District Court of San Patricio County that was removed to the District Court in the Southern District of Texas, Cause No. 2:14-CV-448. The District Court dismissed Cause No. 2:14-CV-448 in April 2015 on first to file grounds in favor of suit in the Eastern District of Louisiana. The Bankruptcy Court similarly dismissed the adversary proceeding in March 2016.

## ANALYSIS

Gulf Marine did not respond to the motion in intervention. Defendants Amerindo Services Ltd. and Blue Sky Langsta Ltd. oppose Omega's intervention on multiple grounds: 1) the *in rem* claim is procedurally deficient because it is not verified, 2) Omega has not provided evidence that it is the real party in interest to assert its mortgage, 3) if the ATP Innovator is determined not to be a vessel no preferred maritime mortgage exists, and 4) Omega's Louisiana lien claims against ATP Oil & Gas should not be adjudicated in this proceeding because the facts and law are different and will delay and increase the costs of the current litigation (D.E. 45). After Amerindo and Blue Sky

pointed out that Omega's Complaint in Intervention was not verified, Omega cured its procedural defect by filing a proposed verified complaint in intervention (D.E. 46-2) with its reply.

### A. Intervention as of Right

Rule 24 provides for intervention as set out below:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

*Id*. It is well established that an intervenor who does not establish each of the four elements for intervention of right, may not intervene on that basis. *Thurman v. Fed. Dep. Ins. Corp.*, 889 F.2d 1441, 1444 (5th Cir. 1989); *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir. 1987).

This suit was filed in October 2016. Omega's motion to intervene was filed on February 8, 2017, a month after the Scheduling Order was issued and before any discovery took place. Omega's mortgage assignment became effective on January 18, 2017. The intervention is timely.

Omega claims that it is the assignee of a preferred maritime mortgage secured by the ATP Innovator, the *res*. Although Omega is a stranger to the dispute between Gulf Maine and the defendants, it has an interest in the *res* that it argues is superior to that of Gulf Marine. Omega provided a copy of the signed assignment of the mortgage as an exhibit to its reply. *See* D.E. 46-1.[1] Omega has an interest in the transaction that Gulf Marine seeks—the sale of the ATP Innovator.

If the ATP Innovator is sold in this suit, as Gulf Marine claims it should be, and Omega is not a party, its preferred maritime mortgage would be impaired or impeded. Gulf Marine, which has a competing claim, would not adequately represent Omega's interests.

Omega has established the four requirements for intervention as of right if the ATP Innovator is a vessel. If the ATP Innovator is not a vessel, Omega has not established that its interests will be impaired or impeded.

## B. Permissive Intervention

Amerindo and Blue Sky also object to Omega's motion to intervene pursuant to Rule 24(b) based on the evidentiary difficulties in determining whether Omega's predecessor

---

[1] Amerindo and Blue Sky complain that Omega is not a real party in interest because it has not established that its assignment is registered with the Secretary of Transportation pursuant to 46 U.S.C. § 31322(a)(2). Amerindo and Blue Sky are the borrowers of the funds secured by the ATP Innovator. "A bill of sale, conveyance, mortgage, assignment, or related instrument . . . that includes any part of a documented vessel . . . must be filed with the Secretary to be valid, to the extent the vessel is involved, against any person except—(A) the grantor, mortgagor, or assignor . . . and (C) a person having actual notice of the sale, conveyance, mortgage, or related instrument." 46 U.S.C. § 31321(a). ATP Infrastructure Partners, LP assigned their First Preferred Mortgage to Omega, effective January 18, 2017. D.E. 40-1.

obtained a valid maritime lien against the Innovator and ATP Partners. Amerindo, Blue Sky and Gulf Marine acknowledge that Omega is an interested party. D.E. 28, 32.

If the ATP Innovator is not a vessel, Omega's and Gulf Marine's claims lie in contract. The issue then becomes whether Omega has a claim or defense that shares a common question of law or fact with the main action. Omega does not. Omega can assert its own contract claims against the defendants in a separate action. *See Howse v. S/V Canada Goose I*, 641 F.2d 317322-23 (5th Cir. 1981) (unit B).

## CONCLUSION

Omega's motion to intervene (D.E. 39) is DENIED without prejudice at this time based upon the recommendation that the warrant for arrest be vacated. However, if the District Court sustains Gulf Marine's objections to the recommendation and finds the ATP is a vessel, Omega may re-file its motion to intervene.

ORDERED this 6th day of April, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE