IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP <br>     Plaintiff, <br><br> VS. <br><br> THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*, and AMERINDO SERVICES LTD. and BLUE SKY LANGSA LTD., *in personam*, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | C. A. No. 2:16-cv-00430 <br> Rule 9(h) - Admiralty |

### CLAIMANT'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED AND RESTATED VERIFIED COMPLAINT

TO THE COURT:

COMES NOW Amerindo Services Ltd., solely in its capacity as Claimant to the ATP INNOVATOR ("Claimant"), and pursuant to Rule E(8) of the Supplemental Rules for Admiralty and Maritime Claims & Asset Forfeiture Actions, filing its Answer to Plaintiff's First Amended and Restated Verified Complaint ("the Complaint"), and respectfully would show:

### FIRST DEFENSE

Claimant specifically invokes the defenses available under Rule 12(b)(1) - (7) of the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, including but not limited to Rule E(8), and files this answer subject to those defenses. Further, this Answer is subject to any currently pending motions that remain unresolved to any extent.

### SECOND DEFENSE

In reference to the specific allegations of the Complaint, and subject to the First Defense above, Claimant would show as follows:

**I.**

Claimant denies the allegations contained in Paragraph I of the Complaint as to jurisdiction, particularly whether Rule C is properly invoked.

**II.**

Claimant admits that Plaintiff has alleged damages in excess of $75,000.00, but denies the existence of diversity jurisdiction. To the extent necessary, the remaining allegations in Paragraph II of the Complaint related to Claimant are denied. Claimant does not respond to allegations that do not pertain to it.

**III.**

Claimant denies the allegations contained in Paragraph III of the Complaint.

**IV.**

Claimant denies the allegations contained in Paragraph IV of the Complaint, as there is a forum selection clause in the Layberth Agreement calling for suits to be filed in the Houston Division of this Court.

**V.**

The allegations contained in Paragraph V of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

**VI.**

Regarding the allegations in Paragraph VI of the Complaint, Claimant admits that Amerindo Services Ltd. is a foreign corporation, and is the owner of the ATP INNOVATOR. Claimant further admits the U.S. Coast Guard issued a Document on or about September 25, 2015, indicating that the ATP INNOVATOR is an Industrial Vessel, and the document shows a

USCG Doc. No. 575567 and an IMO No. 8754633 for the ATP INNOVATOR.  The remaining allegations in Paragraph VI of the Complaint are denied.

### VII.

Regarding the allegations in Paragraph VII of the Complaint, Claimant admits a document entitled Layberth Agreement was signed on or about December 18, 2015, and that the parties to the agreement are stated as Gulf Marine Fabricators, LP, Amerindo Services Ltd. and Blue Sky Langsa Ltd.  Claimant denies the remaining allegations contained in Paragraph VII of the Complaint.

### VIII.

The allegations contained in Paragraph VIII of the Complaint do not pertain to Claimant and require no response.  To the extent a response is required, the allegations are denied.

### IX.

Regarding the allegations in Paragraph IX of the Complaint, Claimant admits a document entitled Layberth Agreement was signed on or about December 18, 2015, and that the parties to the agreement are stated as Gulf Marine Fabricators, LP, Amerindo Services Ltd. and Blue Sky Langsa Ltd.  Claimant denies the remaining allegations contained in Paragraph IX of the Complaint.

### X.

Claimant admits the ATP INNOVATOR is an located in the United States.  Claimant denies the remaining allegations contained in Paragraph X of the Complaint.

**XI.**

Claimant admits the U.S. Coast Guard issued a Document on or about September 25, 2015, indicating that the ATP INNOVATOR is an Industrial Vessel, and the document shows a USCG Doc. No. 575567 and an IMO No. 8754633 for the ATP INNOVATOR.  The remaining allegations in Paragraph XI of the Complaint are denied.

**XII.**

Claimant admits a document entitled Layberth Agreement was signed on or about December 18, 2015, and that the parties to the agreement are stated as Gulf Marine Fabricators, LP, Amerindo Services Ltd. and Blue Sky Langsa Ltd.  Claimant denies the remaining allegations contained in Paragraph XII of the Complaint.

**XIII.**

Claimant admits the document speaks for itself.  Claimant denies the remaining allegations contained in Paragraph XIII of the Complaint.

**XIV.**

Claimant admits the document speaks for itself.  Claimant denies the allegations contained in Paragraph XIV of the Complaint.

**XV.**

Claimant admits the document speaks for itself.  Claimant denies the remaining allegations contained in Paragraph XV of the Complaint.

**XVI.**

Claimant admits the document speaks for itself.  Claimant denies the allegations contained in Paragraph XVI of the Complaint.

## XVII.

Claimant admits the document speaks for itself. Claimant denies the allegations contained in Paragraph XVII of the Complaint.

## XVIII.

Claimant denies the allegations contained in Paragraph XVIII of the Complaint.

## XIX.

Claimant denies the allegations contained in XIX of the Complaint.

## XX.

Claimant denies the allegations contained in XX of the Complaint.

## XXI.

Claimant denies the allegations contained in XXI of the Complaint.

## XXII.

Claimant denies the allegations contained in XXII of the Complaint.

## XXIII.

Claimant denies the allegations contained in XXIII of the Complaint.

## XXIV.

The allegations contained in Paragraph XXIV of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

## XXV.

Claimant reasserts all responses in paragraphs XI-XXIII above in response to Paragraph XXV of the Complaint.

### XXVI.

The allegations contained in Paragraph XXVI of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

### XXVII.

Claimant admits that Amerindo Services Ltd. has property in the District. Claimant denies the remaining allegations contained in Paragraph XXVII of the Complaint.

### XXVIII.

Claimant denies the allegations in Paragraph XXVIII of the Complaint.

### XXIX.

Claimant denies the allegations in Paragraph XXIX of the Complaint.

### XXX.

The allegations contained in Paragraph XXX of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

### XXXI.

The allegations contained in Paragraph XXXI of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

### XXXII.

The allegations contained in Paragraph XXXII of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

## XXXIII.

Claimant denies the allegations in Paragraph XXXIII of the Complaint.

## XXXIV.

Claimant denies the allegations in Paragraph XXXIV of the Complaint.

## XXXV.

The allegations contained in Paragraph XXXV of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

## XXXVI.

The allegations contained in Paragraph XXXVI of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

## XXXVII.

Claimant reasserts all responses in paragraphs XI-XXXV above in response to Paragraph XXXVII of the Complaint.

## XXXVIII.

Claimant denies the allegations in Paragraph XXXVIII of the Complaint.

## XXXIX.

The allegations contained in Paragraph XXXIX of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

## XL.

Claimant denies the allegations in Paragraph XL of the Complaint.

## XLI.

Claimant denies the allegations in Paragraph XLI of the Complaint.

## XLII.

Claimant denies the allegations in Paragraph XLII of the Complaint.

## XLIII.

Claimant denies the allegations in Paragraph XLIII of the Complaint.

## XLIV.

The allegations contained in Paragraph XLIV of the Complaint do not pertain to Claimant and require no response. To the extent a response is required, the allegations are denied.

## XLV.

Claimant denies the allegations in Paragraph XV and prayer of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The liquidated damages clause in the Layberth Agreement is not enforceable under the law that applies to liquidated damages clauses.

2. The ATP INNOVATOR is not a "vessel" for purposes of asserting a maritime lien against it., and consequently there is no *in rem* jurisdiction.

3. The doctrines of setoff and partial satisfaction of the debt are specifically invoked.

4. The one satisfaction rule is invoked.

5. The ATP INNOVATOR is not a "good" under the Texas Bus. & Comm. Code.

6. To the extent federal law is determined by the Court to apply, Plaintiff's state law

claims are preempted.

7. Plaintiff has not fully complied with the strict requirements to obtain a writ of attachment under Texas law, as more fully set forth in Ch. 61 of the Texas Civ. Prac. & Rem Code. Claimant invokes all defenses available under Ch. 61.

8. Defendants invoke the Constitutional protections provided by the United States Supreme Court in *Sniadach v. Family Fin. Corp.*, 395 U.S. 337 (1969), *Fuentes v. Shevin*, 407 U.S. 67 (1972), *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974), and in all subsequent cases, federal and Texas.

9. Plaintiff has failed to satisfy the requirements for asserting a security interest under the Texas Uniform Commercial Code, or any applicable Uniform Commercial Code.

10. Plaintiff's claims are barred, in whole or in part, for its failure to satisfy conditions precedent.

11. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate.

12. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands, and other equitable provisions.

13. Plaintiff's claims are barred, in whole or in part, because certain terms in the Layberth Agreement, including but not limited to the liquidated damages clause, constitute an unenforceable penalty, or provide Plaintiff with an impermissible double recovery.

14. Claimant asserts that the defense of contractual ambiguity, and assert the Layberth Agreement is ambiguous, in whole or in part.

15. Claimant asserts all defenses available to them under Article 9 of the applicable Uniform Commercial Code.

16. Claimant asserts the security interest Plaintiff asserts has not been properly perfected.

17. Claimant will rely on any and all further defenses that become known to it between now and the time of trial, or which may be justified by the evidence at trial.

WHEREFORE, PREMISES CONSIDERED, Claimant prays: (1) that the Complaint be dismissed with prejudice, in whole or in part, (2) that it have judgment against Plaintiff stating that it is not liable to Plaintiff, and (3) for such other relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Richard L. Gorman*
Richard L. Gorman
State Bar No. 00784155
Federal Bar No. 15685
12335 Kingsride Ln. #354
Houston, Texas 77024-4116
Telephone: (832) 725-4026
Facsimile: (713) 239-1020
Email: rg@richardgormanlaw.com
Attorney for Claimant

OF COUNSEL:

RICHARD GORMAN LAW

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 13th day of April 2017, a copy of the foregoing was served on counsel of record *By Notice of Electronic Filing*.

                                      */s/ Richard L. Gorman*
                                      Of Richard Gorman Law

01879/answer.04/13/17