IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS , LP § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | | C. A. No. 2:16-cv-00430 |
| § | | Rule 9(h) - Admiralty |
| THE ATP INNOVATOR, bearing IMO No. § | | |
| 742, her tackle, furniture, apparel, § | | |
| appurtenances, etc., *in rem*, and AMERINDO § | | |
| SERVICES LTD. and BLUE SKY LANGSA § | | |
| LTD., *in personam*, § | | |
|     Defendants. § | | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE COURT:

COME NOW *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd., filing their Response to Plaintiff's Motion for Partial Summary Judgment, and respectfully would show:

**I.**

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56©).

The movant has the initial burden of proving the absence of a genuine issue of material fact, and must establish each element of its claim as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). The Court should grant the motion only if, viewing the evidence in the light most favorable to the nonmovant, there are no genuine disputes of material fact. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000). To avoid

summary judgment, the nonmovant then must introduce evidence of "[s]pecific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2502, 2510 (1986). "Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence." *Oldham v. Thompson/Ctr. Arms Co.*, 2013 U.S. Dist. Lexis 111709 at *11-12 (S.D. Tex. 2013)(citations omitted). When there are two opposing versions of the facts, if one is blatantly contradicted by the record, the court cannot adopt that version for summary judgment purposes. *E.g. Scott v. Harris*, 550 U.S. 372, 380 (2007).

Review of a summary judgment is *de novo*. *Hasty v. Trans Atlas Boats, Inc.*, 389 F.3d 510, 512 (5th Cir. 2004).

## II.

## ATTORNEY'S FEES NOT AVAILABLE

Interpretation of contract terms is a question of law for the court. *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 956 (5th Cir. 1984). Under maritime law, "an indemnity agreement ... should be read as a whole and its words given their plain meaning unless the provision is ambiguous. Disagreement as to the meaning of a contract does not make it ambiguous, nor does uncertainty or lack of clarity in the language chosen by the parties." *Breaux v. Halliburtan Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009) (citations and quotations omitted). Additionally,

> [a] contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties, but it should not be read to impose liability for those losses or liabilities which are neither expressly within the terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage. Thus, for example, it is widely held that a contract of indemnity will not afford protection to an indemnitee against the consequences of his own negligent act unless the contract clearly expresses

such an obligation in unequivocal terms.

*Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. Unit A Aug. 1981) (citations omitted).

Furthermore, "[i]t is established that while an indemnitee may recover from his indemnitor attorneys' fees and expenses incurred in defending a claim as to which he is indemnified, he may not recover fees and expenses incurred to establish his right against the indemnitor. *Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306, 316 (2d Cir. 1985), citing *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 551 F.2d 1026, 1037 (5th Cir. 1977); *see also In re Oil Spill*, 841 F.Supp.2d 988, 1007-08 (E.D. La. 2012). The reasoning for this is simple. "Indemnity obligations, whether imposed by contract or law, require the indemnitor to hold the indemnitee harmless from costs in connection with a particular class of claims." *Peter Fabrics*, 765 F.2d at 316. Expenses and attorneys' fees incurred while defending an indemnified claim are one such cost that fall squarely within the indemnity obligation. *Id*. Therefore, it follows that legal fees incurred in defending against liability claims are included as part of the indemnity obligation, and reimbursement of these fees is part of what was intended by the draftsman of the contract unless the contract states otherwise. *Id*.

However, the above reasoning does not apply to fees and expenses incurred in establishing the existence of an obligation to indemnify, since such expenses are not by their nature a part of the claim indemnified against. Simply put, they are expenses incurred is suing for breach of contract, or the failure to indemnify. *Id*. "As such, fees and expenses incurred in establishing the indemnity obligation fall within the ordinary rule requiring a party to bear his own expenses of litigation. *Id*. (citations omitted). Stated another way, "[u]nder a general

indemnity agreement, the indemnitee enjoys no right to recover its legal fees incurred in establishing its right to indemnification." *In re Oil Spill*, 841 F.Supp.2d at 1007 (citations omitted).

In light of the foregoing, the question the Court must answer is whether the indemnity provision in the Layberth Agreement (Clause 10.2) is a general indemnity agreement that does not allow for the recovery of fees, or whether the Court concludes as a matter of law that the provision contains express language allowing for recovery of legal fees for establishing the right to indemnity from the Defendants.[1]

> Clause 10.2 states: *OWNER'S INDEMNITY.* OWNER[2] HEREBY AGREES FULLY TO RELEASE, PROTECT, DEFEND, INDEMNIFY, AND HOLD HARMLESS SHIPYARD (including its parents, affiliates, contractors, subcontractors of any tier, and each of its and their respective officers, directors, shareholders, agents, employees, successors-in-interest, invitees and assigns) (collectively the "Shipyard Group") from and against any and all demands, claims, losses, costs, suits, or causes of action (including, but not limited to, any judgments, losses, liabilities, expenses, interest, legal fees, costs of suit, and damages, whether in law, equity, or admiralty, and whether in contract, tort or otherwise) ("Claims") arising out of or in any way related to (a) injuries (or death) of any

---

[1] There is no other provision in the Layberth Agreement that expressly allows for recovery of attorney's fees to a prevailing party in litigation. As the Court is no doubt aware, these provisions are commonplace, and state words to the effect that in the event of a dispute under the contract, the prevailing party is entitled to recover its attorney's fees from the other party. This type of provision could have easily been written into the contract, but was not. The fact that no such provision exists must be considered in reviewing the indemnity provision because the contract must be read as a whole.

[2] Owner means the Defendants. [Dkt. No. 54-3 at p. 6 of 89].

member of Owner Group (b) a breach by Owner under the terms of this Agreement or ©) damage to the property of any member of the Owner Group.  THE RELEASE, PROTECTION, DEFENSE, INDEMNITY, AND HOLD HARMLESS RIGHTS AFFORDED UNDER THIS SECTION 10.2 SHALL PROTECT AND INDEMNIFY THE MEMBERS OF THE SHIPYARD GROUP AGAINST THE CONSEQUENCES OF THEIR SOLE, JOINT OR CONCURRENT NEGLIGENCE, STRICT LIABILITY, OR OTHER BREACH OF LEGAL DUTY AND THE UNSEAWORTHINESS OF THE VESSEL.

Simply put, this provision is a general indemnity provision like those found in *Weathersby*, *Peter Fabrics*, and *In re Oil Spill*, so attorney's fees are not recoverable. *Weathersby*, 752 F.2d at 954-55; *Peter Fabrics*, 765 F.2d at 316; *In re Oil Spill*, 841 F.Supp.2d at 1008.  As was stated by the court in *Peter Fabrics*, just because the indemnity clause contains the phrase "including but not limited to costs of suit and attorney's fees," so that attorneys' fees are included in the expenses indemnified against, that by itself cannot be viewed "as causing a shifting of fees in an action to establish the obligation to indemnify."   765 F.2d at 316.

The indemnity provision under which Plaintiff seeks attorneys' fees (Clause 10.2) is a general indemnity clause.  It does not contain the required explicit, clear language allowing for recovery of attorney's fees by Plaintiff indemnitee under the circumstances of this case.  For the foregoing reasons, Plaintiff's motion, on its request for attorneys' fees,  should be denied.

### III.

### LIQUIDATED DAMAGES ARE NOT RECOVERABLE

In addition to seeking damages for berthing fees while the ATP INNOVATOR remains at

the berth, Plaintiff seeks to enforce a liquidated damages clause in the Layberth Agreement (Clause 11.3).  As an initial matter, this clause depends upon the agreement being terminated.  The affidavit of Todd Ladd attached to Plaintiff's motion contains no evidence as to whether and when the agreement was terminated.  Consequently, there is a fact question as to the application of the clause.  Further, the ATP INNOVATOR has been under arrest since October of 2016, so it is impossible for the owner of the ATP INNOVATOR to move the structure.  These issues alone preclude summary judgment on the issue.

Nevertheless, under the maritime law in the Fifth Circuit, the question of whether a liquidated damages clause if a penalty is a question of law.  *Louis Dreyfus Corp. v. 27,946 Long Tons of Corn*, 830 F.2d 1321, 1331 (5th Cir. 1987).  To determine whether the clause is so large as to be a penalty, the Fifth Circuit applies the two part test from the *Restatement (Second) of Contracts* § 356 comment b.  *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.*, 704 F.3d 350, 354 (5th Cir. 2013).   The test has been explained as follows:

> The first factor is the anticipated or actual loss caused by the breach.  The amount fixed is reasonable if it approximates the actual loss that has resulted from a particular breach, even though it may not approximate the loss that might have been anticipated under other possible situations, or if the breach approximates the loss anticipated at the time of making the contract, even though it does not approximate the actual loss.  The second factor is the difficulty of proof of loss.  The greater the difficulty of proof of loss, the more flexibility is allowed in approximating the anticipated or actual harm.

*Id*., quoting *Farmers Exp. Co. v. M/V GEORGIS PROIS*, 799 F.2d 159, 162 (5th Cir. 1986).

The number of cases in the Fifth Circuit that have discussed the test is limited.  The first

such case is *Farmers Export*. In that case, the Fifth Circuit upheld a damages award of $5,000.00 per hour as reasonable and not a penalty. To reach this conclusion, the appellate court relied upon the trial court's factual finding that $5,000.00 was a reasonable forecast of the facility owner's damages, which was based upon expert testimony on the issue. 799 F.2d at 164-65. We have no such evidence here. All we have here is the clause itself, which states that there "may" be damages. There is simply no evidence before this Court as to what Plaintiff's damages could be, or would be, which in and of itself precludes summary judgment under the reasoning applied in *Farmers Export*.

The second case is *Louis Dreyfus*. In that case, the Fifth Circuit refused to enforce a liquidated damages clause that imposed a $30,000.00 per day charge to a ship that failed to vacate the berth. The charge was excessive because the vessel occupied the berth for shorter than the full day. 830 F.2d at 1332. Where the charge is excessive in relation to the damages that will actually follow, the clause is unreasonable.

A more recent case is *St. James Stevedoring Partners, LLC v. Motion Navigation Ltd.*, 2014 U.S. Dist. LEXIS 108275 (E.D. La. August 6, 2014).[3] In that case, the Plaintiff sought to impose a liquidated damages provision in its tariff of $5,000 per hour for the time the ship was in the berth after it was asked to leave the berth. *Id*. at *54. Because there were no vessels waiting for the berth when the ship was ordered to vacate, and thus no possibility of a detention fee being incurred, the dock owner was not exposed to any damages, and was not losing any other potential income. As such, because the liquidated damages clause being applied did not approximate the owner's actual damages, the liquidated damages clause was unjustified and was an unreasonable

---

[3] *See* Ex. A attached.

penalty.  *Id*. at *54-55.

    Here, we have no evidence that the Plaintiff was going to lose any money or be subject to any damages for the ATP INNOVATOR being at the berth.  What we do know is that the ATP INNOVATOR has been charged a berthing fee and additional expenses while at the berth.  The berthing fee itself is $55,000.00 per month, which means roughly $1,833.33 per day assuming a 30 day month.  To charge a liquidated damages of $100,000.00 for unspecified damages that "may" occur is to impose an unreasonable penalty on the Defendants, particularly since the Plaintiff is charging a berthing fee and other expenses while the structure is there, whether through direct invoicing or expenses in *custodia legis*.  In essence, to allow liquidated damages on top of actual expenses would allow Plaintiff a windfall in the form of an unwarranted double recovery, particularly when Plaintiff presents this Court with no evidence of any actual damage.  Because there is no evidence to support the imposition of the liquidated damages clause to counter any potential actual damages the Plaintiff faces, or any loss being incurred by the Plaintiff, summary judgment is improper on the liquidated damages clause.

    WHEREFORE, PREMISES CONSIDERED, *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd. pray the Court deny Plaintiff's motion, in whole or in part, and for such other relief to which they may be justly entitled.

Respectfully submitted,

By: /s/ Richard L. Gorman
    Richard L. Gorman
    State Bar No. 00784155
    Federal Bar No. 15685
    12335 Kingsride Ln. #354
    Houston, Texas 77024-4116
    Telephone: (832) 725-4026
    Facsimile: (713) 239-1020
    Email: rg@richardgormanlaw.com
    Attorney for Claimant
    Amerindo Services Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April 2017, a copy of the foregoing was served on counsel fo record **By Notice of Electronic Filing**.

/s/ Richard L. Gorman
Of Richard Gorman Law

01879.response.04/20/17