UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD., *in personam*,<br>and *BLUE SKY LANGSA LTD, in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

**OPPOSED MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO REINSTATE PRETRIAL DEADLINES**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who respectfully requests that this Honorable Court reinstate pretrial deadlines in this matter, which deadlines were previously suspended by the Court to allow for jurisdictional discovery related to Gulf Marine's *in rem* claims against the defendant ATP INNOVATOR (the "INNOVATOR").

1. This case arises out of the non-payment by defendants Amerindo Services Ltd. ("Amerino") and Blue Sky Langsa Ltd. ("Blue Sky") for over $1,000,000.00 in layberth and related services provided by Gulf Marine to the INNOVATOR under a 2015 Layberth Agreement between the parties. (R.Doc. 1).

2. On October 13, 2016, Gulf Marine filed the instant suit, asserting breach of contract claims against Amerindo and Blue Sky for the failure to pay for services rendered under the 2015 Layberth Agreement. (R.Doc. 1).

{N3442351.2}

3.     On March 31, 2017, Gulf Marine filed a Motion for Partial Summary Judgment, seeking judgment in its favor on its breach of contract claims against Amerindo and Blue Sky. (R.Doc. 54). Although Gulf Marine's Motion is opposed, Amerindo and Blue Sky do not oppose the fact that they breached the applicable contract and that they owe Gulf Marine over $1,000,000.00 for services rendered under the 2015 Layberth Agreement; instead, they oppose Gulf Marine's request for attorney's fees and liquidated damages under the contract. (*See* R.Docs. 60, 61). Gulf Marine's Motion for Partial Summary Judgment is pending before the Court.

4.     In addition to its breach of contract claims, Gulf Marine also asserted a maritime lien claim against the INNOVATOR for the provision of necessaries under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31342. (R.Doc. 1). On October 17, 2016, the INNOVATOR was arrested, and she remains under arrest with a substitute custodian cost of $600.00 per day. (*See* R.Docs. 3-1, 10, 19, 55).

5.     On November 8, 2016, Amerindo filed a Motion to Vacate Arrest, seeking to dismiss the *in rem* claims against the INNOVATOR on the basis that the INNOVATOR does not qualify as a vessel. (R.Doc. 21). On December 14, 2016, Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation, recommending that the Motion to Vacate be granted and that the orders related to the seizure of the INNOVATOR be vacated on the basis that the INNOVATOR was not a vessel. (R.Doc. 29). Gulf Marine sought review of the Magistrate's Report and Recommendation by the Court. (R.Doc. 30).

6.     On January 3, 2017, the parties filed a Joint Report of the Meeting and Joint Discovery/Case Management Plan under Federal Rule of Civil Procedure 26. (R.Doc. 33). On

January 4, 2017, the Court entered a Scheduling Order, setting forth various pretrial deadlines with a bench trial to commence on October 16, 2017. (R.Doc. 34).

7. On April 5, 2017, the Court sustained Gulf Marine's objection to the Magistrate's Report and Recommendation. (R.Doc. 55). The Court's Order suspended all deadlines set forth in the Scheduling Order (R.Doc. 34) and allowed Gulf Marine 60 days to conduct jurisdictional discovery related to the issue of whether the INNOVATOR is a vessel under the applicable law. (*Id.*). The Court's Order did not suspend the bench trial date of October 16, 2017. (*Id.*). The Court's Order also provided that if Amerindo intended to file a motion to dismiss, it must be filed by July 5, 2017. (*Id.*).

8. On July 5, 2017, Amerindo filed a Motion to Dismiss the arrest of the INNOVATOR. (R.Doc. 62). This Motion has been referred to Magistrate Judge B. Janice Ellington, and is currently pending. Gulf Marine intends to oppose the Motion.

9. Since the period for jurisdictional discovery has lapsed and Amerindo has filed its Motion to Dismiss, Gulf Marine respectfully requests that the pretrial deadlines in the Court's Scheduling Order be re-instated. Specifically, Gulf Marine requests that the following deadlines be reinstated:

    a) The parties' Joint Pretrial Order deadline of September 22, 2017 (R.Doc., ¶ 8),

    b) Disputes regarding Matter Accompanying Joint Pretrial Order, any objections to be filed no later than September 29, 2017 (R.Doc., ¶ 9),

    c) Proposed Findings of Fact and Conclusions of Law due September 29, 2017 (R.Doc., ¶ 10); and

    d) Final Pretrial Conference set for October 6, 2017 at 9:00 am (R.Doc., ¶ 11).

10. Although Amerindo opposes Gulf Marine's Motion to Re-instate Pretrial Deadlines, Amerindo has not provided Gulf Marine with any reason or basis to oppose the request to reinstate pretrial deadlines. Indeed, there is no legitimate basis to object or oppose the reinstatement of pretrial deadlines for the upcoming trial on October 16, 2017. The parties have completed all discovery regarding vessel status. To the extent that Amerindo's Motion to Dismiss is granted, the parties will proceed to trial on Gulf Marine's breach of contract claims unless they are resolved by pending motion. To the extent that Amerindo's pending Motion to Dismiss is denied, any questions of fact can and should be resolved at trial in this matter. The parties have not sought any other discovery and Amerindo does not oppose the amounts it owes Gulf Marine for the services provided. Moreover, Gulf Marine is paying $600 a day in substitute custodian fees and providing ongoing layberth services at $55,000 per month plus other costs without any payment from Amerindo. Any delay in the adjudication of this matter would significantly prejudice Gulf Marine.

**WHEREFORE**, complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who respectfully requests that this Honorable Court reinstate the requested pretrial deadlines in this matter.

Respectfully submitted,

*/s/ William C. Baldwin*
Lara D. Pringle (Texas Bar No. 24056164)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: lpringle@joneswalker.com

*Of Counsel:*

WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8315
Facsimile:    (504) 589-8315
Email: wbaldwin@joneswalker.com
          fwogan@joneswalker.com
**Attorneys for Gulf Marine Fabricators, L**P

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rule 7.1 and 7.2, I have conferred with counsel for ATP INNOVATOR, Amerindo Services, Ltd, and Blue Sky Langsa Ltd.  ATP INNOVATOR, Amerindo Services, Ltd, and Blue Sky Langsa Ltd oppose the Motion.

            */s/ William C. Baldwin*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

/s/ *William C. Baldwin*