IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | C. A. No. 2:16-cv-00430 | |
| § | Rule 9(h) - Admiralty | |
| THE ATP INNOVATOR, bearing IMO No. § | | |
| 742, her tackle, furniture, apparel, § | | |
| appurtenances, etc., *in rem*, and AMERINDO § | | |
| SERVICES LTD. and BLUE SKY LANGSA § | | |
| LTD., *in personam*, § | | |
|     Defendants. § | | |

### CLAIMANT'S AND DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REINSTATE TRIAL SETTING

TO THE COURT:

COMES NOW Amerindo Services Ltd., solely in its capacity as claimant to the ATP INNOVATOR ("Amerindo" or "Claimant"), and *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd., filing their Response to Plaintiff's Motion to Reinstate Trial Setting [Dkt. No. 63], and respectfully would show:

**I.**

On July 21, 2017, Plaintiff filed a motion to reinstate the original trial deadlines for the case.[1] The only work that has taken place to date is jurisdictional discovery on the question of whether the ATP INNOVATOR is a vessel. No discovery on the merits of the case has taken place.

Further, currently pending before the Court are Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 54], and Claimant's Motion to Dismiss Arrest [Dkt. No. 62]. Both of these motions are dispositive in nature.

---

[1] *See* Dkt. No. 63 at p. 3. Plaintiff is requesting that the pretrial filings be due at the end of September.

Given the foregoing, it would be judicially economical for the Court to rule on these pending motions before the case gets placed on the Court's trial docket, and more importantly, before the pretrial deadlines are set. This way, when the parties prepare the pretrial filings, they know what claims, if any, are left for a trial.

Given that the case is a bench trial, it only makes sense that the parties provide the Court with pretrial briefing, findings of fact, conclusions of law, witness lists and exhibit lists just for the claims that remain for trial. Doing what Plaintiff seeks to do, reinstate the deadlines, most likely will require the parties to provide the Court with briefing and other information that may or may not be relevant to a trial of the case, if the deadlines are reached before there is a final decision from the Court on the pending motions.[2] If this occurs, it will not only waste the Court's resources, but will cause the parties to incur expenses for potentially unnecessary work.

With the foregoing in mind, Claimant and Defendants suggest that any trial setting await the outcome of the referenced pending motions, so that unnecessary work and use of the Court's resources are avoided.

WHEREFORE, PREMISES CONSIDERED, Amerindo Services Ltd., solely in its capacity as Claimant, and *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd. pray that the Court deny Plaintiff's motion, and for such other relief to which they may be justly entitled.

---

[2] It is anticipated that there will be an objection to any recommendation from Magistrate Ellington on the pending motions. As it did previously, if an objection is filed, it will take time for this briefing to be completed, and a decision reached by Judge Ramos.

        Respectfully submitted,


By: _/s/ Richard L. Gorman_
      Richard L. Gorman
      State Bar No. 00784155
      Federal Bar No. 15685
      12335 Kingsride Ln. #354
      Houston, Texas 77024-4116
      Telephone: (832) 725-4026
      Facsimile: (713) 239-1020
      Email: rg@richardgormanlaw.com
      Attorney for Claimant
      Amerindo Services Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of August 2017, a copy of the foregoing was served on counsel of record **By Notice of Electronic Filing**.


        _/s/ Richard L. Gorman_
        Of Richard Gorman Law

01879.response.08/10/17