UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) and Rule C |

**GULF MARINE'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO REINSTATE PRETRIAL DEADLINES**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who respectfully submits this brief reply in response to Claimant's/Defendants' Opposition to Motion to Reinstate Pretrial Deadlines [R. Doc. 66] filed by defendant, Amerindo Services Ltd. ("Amerindo") and avers as follows:

1.  Amerindo's opposition to Gulf Marine's request to reinstate pretrial deadlines is based solely on purported judicial economy, but Amerindo's argument of judicial economy is flawed and should be rejected as a thinly veiled attempt to delay the resolution of this case. First, this is not a complicated case. It is ultimately a collection case where the defendants do not contest that they owe money but instead only seek to delay payment. Indeed, the parties estimated that the bench trial in this case would be only one (1) day and would only take eight (8) hours to present evidence, even with all of the issues that are part of the parties' pending motions being presented at trial. (R. Doc. 33, ¶ 16). There is no waste of judicial resources in reinstating pretrial deadlines in this case.

{N3455554.1}

2.     Second, Amerindo's argument is based on the unsupported assumption that the dispositive motions that are currently pending will not be resolved by the time that the requested pretrial deadlines in late September of 2017 are reinstated.  One of the motions currently pending before the Court is Gulf Marine's Motion for Partial Summary Judgment on Gulf Marine's breach of contract claims against defendants Amerindo and Blue Sky Langsa Ltd ("Blue Sky"). Amerindo and Blue Sky do not contest that they breached the operative 2015 Layberth Agreement with Gulf Marine or that they owe Gulf Marine over $1,000,000.  (*See* R. Docs. 60, 61).  Gulf Marine's Motion for Partial Summary Judgment is fully briefed, and since it is largely unopposed,[1] there is no basis to assume that it will not be decided by the time that the requested pretrial deadlines in late September of 2017.  The other pending motion referenced in Amerindo's Opposition is Amerindo's Motion to Dismiss the INNOVATOR for lack of subject matter jurisdiction, which motion is also fully briefed and ripe for adjudication.  It is pure assumption that Amerindo's Motion to Dismiss will not be decided by late September.

3.     Third, Amerindo's argument ignores the fact that the subject motions could be denied or referred to trial.

4.     Fourth, even if there are pending dispositive motions before the Court, their disposition should not affect the reinstatement of pretrial deadlines such as the parties' deadline to file a Pretrial Order or the Court's Final Pretrial Conference.  Indeed, the fact that there are pending motions is a fundamental reason to reinstate such deadlines.  Dispositive motions are regularly pending at the time of a Final Pretrial Conference, and the Final Pretrial Conference affords the Court an opportunity to resolve pending issues, including any pending motions.  The Court's required form of the Pretrial Order requires the parties to identify any pending motions,

---

[1] Amerindo and Blue Sky oppose only Gulf Marine's request for liquidated damages and attorney's fees under the operative agreement.  (*See* R. Docs. 60, 61).

clearly indicating the accepted practice of having motions pending at the time of a Final Pretrial Conference. (*See* Appendix B of the Local Rules of the Southern District of Texas, ¶ 4).

5. Moreover, this case is set for a bench trial on October 16, 2017, and customary pretrial deadlines such as the deadline to file a pretrial order, findings of fact and conclusions of law, and a Final Pretrial Conference are necessary to ensure the orderly disposition of this case. Amerindo's Opposition to the reinstatement of these deadlines is nothing more than attempt to delay the resolution of this case, which would be to the significant prejudice of Gulf Marine. As noted in Gulf Marine's Motion as a basis to reinstate the subject deadlines, Gulf Marine continues to incur significant costs of seizure and costs of providing the INNOVATOR with a layberth and other services. Amerindo's Opposition is silent on the issue of these costs. Delaying resolution of this case would only increase the prejudice to Gulf Marine.

6. Finally, Amerindo's Opposition references discovery on the merits but does not actually state whether Amerindo claims to need any discovery on the merits. Nonetheless, Amerindo's reference to merit-based discovery is misleading at best given the fact that Amerindo and Blue Sky do not contest that they breached the operative 2015 Layberth Agreement with Gulf Marine or that they owe Gulf Marine over $1,000,000. (*See* R. Docs. 60, 61). Moreover, in the parties' Case Management Plan filed on January 3, 2017, the parties agreed on a discovery deadline of April 30, 2017, which was subsequently confirmed in the Court's Scheduling Order; and Amerindo stated that it intended to send discovery requests by mid-February of 2017. (R. Doc. 33, ¶¶ 9(C), 12; R. Doc. 34, ¶ 5). Yet, Amerindo never sent any discovery or otherwise requested any discovery. By the time that the Court suspended pretrial deadlines on April 5, 2017, Amerindo had over four months to do merit-based discovery and did

nothing. Amerindo's reference to merit-based discovery is simply a red-herring that is not a basis to delay the reinstatement of pretrial deadlines.

7. Accordingly, Gulf Marine Fabricators, LP respectfully requests that this Honorable Court reinstate the requested pretrial deadlines in this matter.

        Respectfully submitted,

        */s/ William C. Baldwin*
        Lara D. Pringle (Texas Bar No. 24056164)
        Jones Walker LLP
        First City Tower
        1001 Fannin Street, Suite 2450
        Houston, Texas 77002
        Telephone: (713) 437-1800
        Facsimile: (713) 437-1810
        Email: Lpringle@joneswalker.com

        *Of Counsel:*
        WILLIAM C. BALDWIN (#31613)
        HANSFORD P. WOGAN (#34825)
        Jones Walker LLP
        201 St. Charles Avenue - 48th Floor
        New Orleans, Louisiana 70170-5100
        Telephone:   (504) 582-8315
        Facsimile:    (504) 589-8315
        Email: wbaldwin@joneswalker.com
               fwogan@joneswalker.com
        **Attorneys for Gulf Marine Fabricators, LP**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 11th day of August, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

               */s/ William C. Baldwin*