UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br>    Plaintiff,<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam*<br>    Defendants. | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) and Rule C |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF GULF MARINE FABRICATORS, LP'S MOTION FOR REVIEW OF MAGISTRATE'S MEMORANDUM AND RECOMMENDATION

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who respectfully files this brief Reply Memorandum in Support of Motion for Review of Magistrate Judge's Memorandum and Recommendation (R. Doc. 70), as amended (R. Doc. 71).  As set forth below, Amerindo Services LTD ("Amerindo") acknowledges that its attack on this Court's subject matter jurisdiction is an attack on the merits of Gulf Marine's maritime lien claim.  Accordingly, Gulf Marine respectfully submits that under well-settled law, the Magistrate should have applied the procedural safeguards of Rule 56 to Amerindo's motion to dismiss instead of the standard under Rule 12(b)(1).

Moreover, in its Response, Amerindo does not even address the pivotal and dispositive testimony of its own witness, Joseph Key, on the practical capability of the ATP INNOVATOR (the "INNOVATOR") to transport people and equipment over navigable waters.  Gulf Marine obtained this testimony during jurisdictional discovery, and this testimony is dispositive.  The inquiry as to the vessel status of the *in rem* defendant INNOVATOR should start and end with Mr. Key's pointed testimony, which shows that the INNOVATOR is a vessel.

{N3512738.1}

I.     **REPLY ONE: Amerindo Concedes That Its Jurisdictional Attack Is an Attack on the Merits of Gulf Marine's Maritime Lien Claim; Thus, Rule 56 Procedural Safeguards Should Have Applied to Amerindo's Motion to Dismiss**

In its Response, Amerindo states that "if the INNOVATOR is not a vessel, Plaintiff has no maritime lien under the Maritime Lien Act . . . ."[1]  Indeed, the INNOVATOR must be a vessel for this Court to have subject matter jurisdiction over it.[2]  The INNOVATOR must also be a vessel for Gulf Marine to have a maritime lien under the Commercial Instruments & Maritime Lien Act, 46 U.S.C. § 31342(a)(1).[3]  Thus, the jurisdictional inquiry is absolutely and unequivocally interwoven with the merits of Gulf Marine's federal cause of action.  Under clear Fifth Circuit law, Amerindo's challenge to the INNOVATOR's vessel status should be treated as a challenge to Gulf Marine's maritime lien claim and governed by the procedural safeguards of Rule 56.[4]

---

[1] R. Doc. 75, p. 3.

[2] Gulf Marine's maritime lien claim is rooted in contract (*i.e.* Gulf Marine provided necessaries to the INNOVATOR pursuant to the Layberth Agreement between Amerindo and Gulf Marine).  Thus, general principles for admiralty jurisdiction in contract apply.  *See E.A.S.T., Inc. of Stamford, Conn. V. M/V ALAIA*, 876 F.2d 1168 (5th Cir. 1989) ("The existence of a maritime lien affords special protection to the party who has been injured by a breach of contract and provides the basis for *in rem* admiralty jurisdiction.").  It is well-settled that contracts to provide wharfage or storage to vessels are maritime and provide the basis for admiralty jurisdiction, including *in rem* jurisdiction.  *See Am. E. Dev. Corp. v. Everglades Marina, Inc.*, 608 F.2d 123, 124-25 (5th Cir. 1979); *see also Goodman v. 1973 26 Foot Troan Vessel*, 859 F.2d 71, 72-73 (8th Cir. 1988).  Conversely, contracts to provide wharfage services to non-vessels are generally non-maritime and do not give rise to maritime jurisdiction.  *See Murray v. Schwartz*, 175 F.2d 72, 72-73 (2d Cir. 1949) ("A wharfage contract touching a dead ship is not maritime, and a contract which is not maritime cannot create a lien subject to the jurisdiction of admiralty.").

[3] It is well-settled that a maritime lien for necessaries has three elements and that one such element requires that a vessel be involved.  *See Galehead, Inc. v. M/V ANGLIA*, 183 F.3d 1242, 1244 (11th Cir. 1999) ("[T]o obtain a maritime lien, a person must: (1) provide necessaries; (2) to **a vessel**; (3) on the order of the owner or agent.") (emphasis added);

[4] *See Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981); *Chatham Condominium Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946).  In its Response, Amerindo attempts to minimize the substantive nature of an *in rem* claim for a maritime lien, referring to the *in rem* claim as "merely a procedural device."  This argument is contrary to admiralty law, which provides that an *in rem* action is a claim against the vessel itself as a "real action to enforce a real right."  *See Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1350 (5th Cir. 1981) ("An action in admiralty to enforce a maritime lien is not an action against any particular person to compel him to do or to forebear anything; it is an action in rem asserting against the world the claim of a plaintiff to an offending ship. It is a real action to enforce a real right.") (quoting E. Biele, *Maritime Liens Arising out of Collision*, 51 Tulane L. Rev. 1134, 1134 (1977)).

Despite the context of Amerindo's jurisdictional challenge, Amerindo argues, without citing to any legal authority on point, that the jurisdictional inquiry with respect to Gulf Marine's maritime lien claim is separate and apart from the merits of Gulf Marine's breach of contract claims against Amerindo. Thus, according to Amerindo, a Rule 12(b)(1) standard should be applied to its motion to dismiss. Amerindo is simply wrong and provides no legal support whatsoever for its position.[5] The issue here is whether the jurisdictional challenge by Amerindo is also a challenge to the existence of a *cause of action*, not whether there may be other causes of action that remain if jurisdiction over the INNOVATOR does not exist. In this regard, Gulf Marine's reliance on *Martin v. Fab-Con, Inc.*, 9 F. Supp. 642, 645-46 (E.D. La. 2014), is on point because that case dealt with a challenge to vessel status <u>and</u> the *Martin* court cited to and quoted the extensive Fifth Circuit jurisprudence governing the precise situation before this Court.

In its Response, Amerindo does not address the Fifth Circuit cases of *Chatham Condominium Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) and *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981), both of which were cited in Gulf Marine's Motion for Review. Both *Chatham Condominium Associations* and *Williamson* stand for the proposition that Rule 56 procedural safeguards must apply where, as here, a party's jurisdictional challenge is interwoven with the merits of a federal cause of action.[6] Gulf Marine

---

[5] Amerindo cites to the Fifth Circuit's decision in *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777 (5th Cir. 2012); however, the *Ballew* case did not involve a jurisdictional inquiry that overlapped with the merits of a claim. Indeed, the plaintiffs in *Ballew* did not even argue that Rule 56 safeguards should apply to the jurisdictional question, and the issue of Rule 56 versus Rule 12(b)(1) procedures was not discussed at all in the Fifth Circuit's opinion. Accordingly, the *Ballew* case is not applicable here.

[6] *See Chatham Condominium Ass'ns.*, 597 F.2d at 1011 ("When jurisdictional issues are intertwined with the merits, the adjudication of the jurisdictional issue in accordance with the procedure under a 12(b)(1) motion fails to offer the procedural safeguards attendant upon proceedings under a 12(b)(6) motion or a motion for summary judgment under Rule 56.") and *Williamson*, 645 F.2d at 415 ("Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case."); *see also Bell*, 327 U.S. at 682 ("Whether the

submits that it was error for the Magistrate's Recommendation to disregard this Fifth Circuit jurisprudence and apply a Rule 12(b)(1) standard to Amerindo's jurisdictional challenge. Under the procedural safeguards of Rule 56, Amerindo's motion to dismiss should be denied and Gulf Marine's maritime lien claim should be adjudicated at trial.

II. **REPLY TWO: Amerindo Fails to Address the Dispositive Testimony of Amerindo's Joseph Key, Who Testified That the INNOVATOR Is Designed to Transport People and Equipment from One Location to Another**

In its Memorandum in Support of its Motion for Review, Gulf Marine quoted and relied extensively upon testimony by Mr. Key in which he conceded that the INNOVATOR is designed to transport people and equipment.[7] In its Response, Amerindo spends eleven pages discussing vessel status but never addresses this pivotal testimony from Amerindo's Joseph Key. Specifically, the following testimony, which was obtained via jurisdictional discovery and submitted to the Magistrate, is dispositive on the issue of vessel status:

> Q You would agree with me that the ATP Innovator has design capabilities to actually transport people from one location to another because it, in fact, did transport on that instance correct?
>
>    \* \* \*
>
> A: I would say that it has the design to accommodate people.

---

complaint states a cause of action on which relief could be granted is a question of law and . . . it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."); *Employers Insur. of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 760 (5th Cir. 1989) ("In admiralty, as in other areas of subject matter jurisdiction, we have held that if the issues necessary to decide the question of subject matter jurisdiction are intertwined with the merits, the court should assume jurisdiction and proceed to the merits of the claim unless the maritime basis for the claim is 'immaterial or is wholly insubstantial.'") (quoting *Parker v. Gulf Fisheries, Inc.*, 803 F.2d 828, 829 (5th Cir. 1986)); *Marine Coatings of Ala., Inc. v. U.S.*, 792 F.2d 1565, 1567 (11th Cir. 1986) (finding that the rationale in *Bell*, 327 U.S. at 682 applies to admiralty cases and dictates that when a "complaint is drawn so as to seek recovery under the admiralty laws, the federal court, but for two possible exceptions, must entertain the suit."); *Santiago v. Evans*, 2012 WL 3231016, at \*1-\*3 (M.D. Fla. Aug. 6, 2012) (denying a motion to vacate the arrest of a vessel and applying the principles of *Bell* to assume admiralty jurisdiction).

[7] *See* R. Doc. 75-1, pp. 2-3, 10, 13-14.

Q: (By Mr. Baldwin) And it also has the design capabilities to move people from one location to another just like it did on the tow from location in February of 2014 to Gulf Marine's facility, correct?

A: Yes[8]

* * *

Q: And so during that tow from the on-site location to Gulf Marine's facility, the ATP Innovator moved equipment from one location to another, correct?

A: And from that, you know that the ATP Innovator was and had the design capabilities to move equipment from one location to another, correct?

* * *

A: Correct.[9]

In its Response, Amerindo does even not argue that the INNOVATOR lacks the practical design capabilities to transport people and equipment over navigable waters. Nor could it with its own witness in agreement that the INNOVATOR has such capabilities. Gulf Marine respectfully submits that under *Stewart v. Dutra Construction Co.*, 543 U.S. 481, 497 (2005), which defines a "vessel" as "any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment," this evidence should be dispositive of the vessel status inquiry regarding the INNOVATOR.

III.   CONCLUSION

The law requires that the INNOVATOR be a vessel for admiralty jurisdiction to exist and for Gulf Marine to have a maritime lien against the INNOVATOR. Accordingly, the jurisdictional inquiry is inherently interwoven with the merits of Gulf Marine's claim; and in this context, Gulf Marine respectfully submits that the Magistrate should have applied the procedural

---

[8] *See* R. Doc. 64-3, Deposition of Joseph Key, 30:15-31:1.

[9] *Id.*, 41:7-14. This testimony was not before the Magistrate when the Magistrate issued the original ruling on vessel status in December of 2016 (R. Doc. 29); rather, it was obtained after this Court allowed the parties sixty (60) days to conduct jurisdictional discovery.

safeguards of Rule 56 to decide Amerindo's motion to dismiss. Under Rule 56, at the very least, Amerindo's motion would have clearly been denied due to genuine issues of material facts.

Moreover, on the record before the Magistrate, the INNOVATOR is a vessel as established by the unrebutted testimony of Amerindo's Joseph Key, who agreed that the INNOVATOR has the design capabilities to transport people and equipment over water. This testimony is dispositive and shows that the INNOVATOR is a vessel under *Stewart* and its progeny.

Respectfully submitted,

*/s/ William C. Baldwin*
Lara D. Pringle (Texas Bar No. 24056164)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
lpringle@joneswalker.com

*Of Counsel:*
WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8315
Facsimile:    (504) 589-8315
wbaldwin@joneswalker.com
fwogan@joneswalker.com
**Attorneys for Gulf Marine Fabricators, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

*/s/ William C. Baldwin*