IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C. A. No. 2:16-cv-00430 |
| | § | Rule 9(h) - Admiralty |
| THE ATP INNOVATOR, bearing IMO No. | § | |
| 742, her tackle, furniture, apparel, | § | |
| appurtenances, etc., *in rem*, and AMERINDO | § | |
| SERVICES LTD. and BLUE SKY LANGSA | § | |
| LTD., *in personam*, | § | |
|     Defendants. | § | |

**DEFENDANTS' RESPONSE TO OMEGA'S
MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER
DENYING ITS MOTION FOR LEAVE TO INTERVENE**

TO THE COURT:

COME NOW *in personam* Defendants Amerindo Services, Ltd. and Blue Sky Langsa Ltd., filing their Response to ASRC Energy Services Omega, LLC's ("Omega") Motion for Review of Magistrate Judge's Order[1] Denying Its Motion for Leave to Intervene [Dkt. No. 77], and respectfully would show:

**I.**

**BACKGROUND**

Armed with "new" counsel, and in an attempt at what it calls judicial economy, Omega tries a second bite at the intervention apple, despite the fact that the first order denying the intervention was not objected to or otherwise contested by Omega. In the interim, nothing has changed either factually or legally, other than the fact that jurisdictional discovery was allowed by the Court. The issue of vessel status now is the subject of a second memorandum and

---

[1] *See* Dkt. No. 74.

recommendation from Magistrate Judge Ellington. [Dkt. No. 71]. Rule 72(b) objections have been filed by Gulf Marine, and the issue is briefed for submission to the Court.

In terms of a ruling on Omega's second motion to intervene, like was done the first time, Magistrate Judge Ellington issued an order[2] denying the motion without prejudice.[3] The Magistrate Judge specifically adopts the reasoning from her prior order, which is Dkt. No. 56. In that order, the Magistrate Judge correctly stated the legal principles for intervention as of right under Rule 24(a), and determined that if the INNOVATOR is not a vessel, Omega does not have the right to intervene. The Magistrate Judge, after reciting the correct legal standard for permissive intervention, determined that under the guiding principles of Rule 24(b), if the INNOVATOR is not a vessel, Omega's claims do not share common questions of law or fact with the main action brought by Gulf Marine Fabricators, LP., so there is no right of permissive intervention. The Magistrate Judge denied Omega's first motion without prejudice to Omega re-filing its motion if the Court determines the INNOVATOR is a vessel. [Dkt. No. 56 at p. 5]. By adopting the language of the first order, the Magistrate Judge's second order does the exact same thing. It denies the motion without prejudice to the motion being re-filed if the INNOVATOR is held by the Court to be a vessel. This decision is pending.

---

[2]   *See* Dkt. No. 74.

[3]   Omega admits that the Magistrate Judge's order is non-dispositive. [Dkt. No. 77-1 at p.1 ]. Under rule 72(a) of the Federal Rules of Civil Procedure, the district judge can only modify or set aside all or part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a).

II.

**ARGUMENT**

Omega admits in its motion for review that when it filed its initial motion to intervene, it did not realize that the Magistrate Judge would "discredit" its property interest and opine that its right to intervene would turn on a determination of vessel status. [Dkt. No. 77-1 at p. 2]. This, according to Omega, is why it brought a second motion to intervene. However, Omega fails to point out in its motion for review the fact that in the first motion, Omega did assert its rights under the mortgage and assignment. [Dkt. No. 40 at pp. 6-8]. In fact, the assignment and mortgage are attached to the first motion as Dkt. No. 40-1. These were taken into account, as was the legal principle that if the INNOVATOR is not a vessel, there can be no preferred ship mortgage allowing for the sale of the INNOVATOR to satisfy the mortgage. *Roy Anderson Corp. v. Treasure Bay Gaming & Resorts*, 205 B.R. 490, 494 (S.D. Miss. 1997)(casino had to qualify as a vessel for there to be a preferred ship mortgage on the structure).

Omega states that it should be allowed a second bite at the apple because it has unique information about the vessel status question. In short, Omega argues that Amerindo's written representations that the INNOVATOR is a vessel should be considered in determining vessel status. To the extent any such "representations" were made, which is denied, it has no bearing on the issue. As has been briefed to the Court, "[v]essel status is determined by the history of the contrivance, its use, purpose, and perhaps potential, not what the parties call it." *Martin v. Fab-Con, Inc.*, 9 F.Supp.3d 642, 650 (E.D. La. 2014). None of Omega's arguments take into consideration the fact that the order from Magistrate Judge Ellington is without prejudice to Omega re-filing its motion to intervene if the Court determines the INNOVATOR is a vessel.

This has not yet occurred, and is the subject of a pending motion before the Court.

To get to the heart of the matter, Omega has failed to point any fact finding by the Magistrate Judge that is clearly erroneous, and why it is so, nor has Omega pointed out anything in the Magistrate Judge's order that is contrary to law, as it is required to do under Rule 72(a). Having failed to do this, Omega's motion should be denied.

WHEREFORE, PREMISES CONSIDERED, *in personam* Defendants Amerindo Services, Ltd. and Blue Sky Langsa Ltd. pray that the Court deny Omega's motion in its entirety, and for such other relief to which they may be justly entitled.

Respectfully submitted,

By: */s/ Richard L. Gorman*
Richard L. Gorman
State Bar No. 00784155
Federal Bar No. 15685
12335 Kingsride Ln. #354
Houston, Texas 77024-4116
Telephone: (832) 725-4026
Facsimile: (713) 239-1020
Email: rg@richardgormanlaw.com
Attorney for *in personam* Defendants
Amerindo Services Ltd. and Blue Sky Langsa Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of November 2017, a copy of the foregoing was served on counsel fo record ***By Notice of Electronic Filing***.


                                       */s/ Richard L. Gorman*
                                       Of Richard Gorman Law


01879.response.11/27/17