United States District Court
Southern District of Texas
**ENTERED**
January 17, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GULF MARINE FABRICATORS, LP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:16-430** |
| | § | |
| **THE ATP INNOVATOR, *et al.*,** | § | |
| **Defendants.** | § | |

**ORDER ON MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION**

This action arises from Gulf Marine Fabricators, LP's ("Gulf Marine") in personam breach of contract claims against Amerindo Services Ltd. ("Amerindo") and Blue Sky Langsa, Ltd. ("Blue Sky") for past due fees, interest, and liquidated damages arising from a layberth agreement between the parties. Gulf Marine has also asserted an in rem claim against the ATP INNOVATOR ("the INNOVATOR") for a maritime lien for necessaries provided under the layberth agreement. The INNOVATOR is currently under arrest pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

Amerindo, in its capacity as claimant to the INNOVATOR, filed a Motion to Dismiss Arrest seeking to vacate the INNOVATOR's arrest and dismiss Gulf Marine's in rem action against the INNOVATOR pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the INNOVATOR is not a vessel and therefore not subject to arrest (D.E. 62). On October 20, 2017, Magistrate Judge B. Janice Ellington issued her Amended Memorandum and Recommendation, recommending that the arrest be vacated

1

and Gulf Marine's in rem cause of action against the INNOVATOR be dismissed (M&R, D.E. 71). Gulf Marine filed its timely objections to the M&R on November 2, 2017 (D.E. 75), to which Amerindo responded (D.E. 78) and Gulf Marine replied (D.E. 79). For the reasons stated below, Gulf Marine's objections are **SUSTAINED IN PART**.

## I. Legal Standard

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objection. FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* With respect to non-dispositive matters, the district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

## II. Analysis

### A. Objection 1: The M&R Incorrectly Treated Amerindo's Motion as a Rule 12(b)(1) Motion to Dismiss Instead of Converting It to a Rule 56 Motion for Summary Judgment[1]

The parties agree that the issue of vessel status is one of jurisdictional fact. *See Lozman v. City of Riviera Beach, Fla.*, 568 U.S. 115, 128 (2013) ("A court's jurisdiction, *e.g.*, admiralty jurisdiction, may turn on application of the term 'vessel.'"). The parties also agree that if the INNOVATOR is not a vessel, Gulf Marine has no maritime lien

---

1. The Court notes that Gulf Marine spent less than one paragraph in its response to Amerindo's Motion to Dismiss Arrest explaining why the Court should treat the motion as a motion for summary judgment. D.E. 64, p. 9. However, Gulf Marine dedicated five pages to this issue in its objections to the M&R (D.E. 75-1, pp. 5– 10) and another two pages in its reply brief (D.E. 79, pp. 2–4). Had Gulf Marine presented its argument so thoroughly the first time, it is likely the M&R would have adopted a summary judgment standard.

under the Federal Maritime Lien Act and no in rem cause of action against the INNOVATOR. *See id.* at 119 (citing 46 U.S.C. § 31342 (authorizing federal maritime lien against vessel to collect debts owed for the provision of "necessaries to a vessel")).[2]

Because the issue of vessel status is interwoven with the merits of Gulf Marine's maritime lien claim against the INNOVATOR, Gulf Marine argues that the M&R should have treated Amerindo's Motion to Dismiss Arrest as a motion for summary judgment and afforded Gulf Marine the proper procedural safeguards thereunder. According to Gulf Marine, it was improper for the M&R to weigh evidence and resolve disputed factual issues in favor of Amerindo, particularly where the resolved factual issues led to the M&R's ultimate recommendation that the arrest be vacated because the INNOVATOR is not a vessel.

### 1. Motion to Dismiss vs. Motion for Summary Judgment

Challenges to a court's jurisdiction are generally brought via a Rule 12(b)(1) motion to dismiss. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

---

2. The Federal Maritime Lien Act provides:

> [A] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—
> > (1) has a maritime lien on the vessel;
> > (2) may bring a civil action in rem to enforce the lien; and
> > (3) is not required to allege or prove in the action that credit was given to the vessel.

46 U.S.C. § 31342(a).

However, the Fifth Circuit "has held that when . . . issues of jurisdictional fact are intermeshed with the merits of a case, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1172 (5th Cir. 1987) (quoting *McBeath v. Inter–Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967)). In other words, "where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* at 1172 (alterations omitted) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action . . . must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."); *Employers Insur. of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 760 (5th Cir. 1989) ("In admiralty, as in other areas of subject matter jurisdiction, we have held that if the issues necessary to decide the question of subject matter jurisdiction are intertwined with the merits, the court should assume jurisdiction and proceed to the merits of the claim unless the maritime basis for the claim is 'immaterial or is wholly insubstantial.'"); *Chatham Condo. Assoc. v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) ("[T]he preferred procedure in cases . . . where the jurisdictional issue is inextricably bound up with the merits, is to defer resolution of the jurisdictional question to a consideration of the merits.").

4

The M&R acknowledged the above standard, explaining:

> [W]here issues of fact are relevant to both subject matter jurisdiction and the claim on the merits, the Fifth Circuit directs that the trial court must assume jurisdiction and proceed to the merits. *Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004).
>
>> In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56.
>
> *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). In other words, where the question of jurisdiction is intertwined with the merits of the case, the proper course of action is to reserve both the jurisdictional question and the merits until the parties have a chance to conduct discovery. *Chatham Condominium Associations v. Century Village, Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979).

M&R, pp. 4–5. The M&R then recognized that Gulf Marine asserts that the Court has diversity jurisdiction over Amerindo and Blue Sky with respect to its in personam breach of contract claims. *Id.* at 5. Because dismissal of Gulf Marine's in rem action against the INNOVATOR on the basis that it is not a vessel would not result in a dismissal of the entire case, the M&R ultimately treated Amerindo's Motion to Dismiss Arrest as a Rule 12(b)(1) motion to dismiss the in rem action only, rather than as a motion for summary judgment. *Id.* at 5–6.

Gulf Marine argues, and the Court agrees, that the issue here is whether Amerindo's jurisdictional challenge is also a challenge to the existence of a cause of

action against the INNOVATOR, not whether there may be other causes of action against other defendants that remain if jurisdiction over the INNOVATOR does not exist. Here, Gulf Marine's in rem maritime lien claim against the INNOVATOR is a wholly distinct and separate federal cause of action from Gulf Marine's in personam breach of contract claims against Amerindo and Blue Sky. *See Merch. Nat. Bank of Mobile v. Dredge Gen. G. L. Gillespie*, 663 F.2d 1338, 1350 (5th Cir. 1981). Amerindo asserts that Gulf Marine's in rem claim against the INNOVATOR "is merely a procedural enforcement device created by Rule C" (D.E. 78, pp. 2–3); however, as the Fifth Circuit has explained:

> A maritime lien represents a property interest entirely distinct from an in personam right. "An action in admiralty to enforce a maritime lien is not an action against any particular person to compel him to do or to forebear anything; it is an action in rem asserting against the world the claim of a plaintiff to an offending ship. It is a real action to enforce a real right."

*Merch. Nat. Bank*, 663 F.2d at 1350 (quoting E. Biele, *Maritime Liens Arising out of Collision*, 51 TULANE L. REV. 1134, 1134 (1977)).

Because Amerindo's Motion to Dismiss Arrest is a "direct attack on the merits" of Gulf Marine's maritime lien claim against the INNOVATOR, it should be treated as a motion for summary judgment. *See Martin v. Fab-Con, Inc.*, 9 F. Supp. 3d 642, 646–47 (E.D. La. 2014) ("[T]he Court will construe the motion to dismiss for lack of subject matter jurisdiction [on the issue of vessel status] as a 'direct attack on the merits of the plaintiff's case' . . . and treat it as a motion for summary judgment.") (citing *Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 290, 294 n.11 (5th Cir. 1990) (affirming summary judgment in favor of defendant where barge on which plaintiff was working

was not a Jones Act "vessel");  *Reeves v. Offshore Logistics, Inc.*, 720 F.2d 835, 837 (5th Cir. 1983) (affirming summary judgment in favor of defendant where helicopter used to ferry workers to and from offshore drilling platform was not a "vessel"; thus pilot had no maritime cause of action); *Holifield v. Great Lakes Dredge & Dock Co.*, 53 F.3d 1280, 1995 WL 295866, at *5 (5th Cir. Apr. 18, 1995) (unpublished) (affirming summary judgment in favor of defendants where barges upon which plaintiff was injured were not "vessels" and his claims did "not bear a sufficient relationship to traditional maritime activity to support admiralty jurisdiction")).

### 2. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**3. Disputed Issues of Fact**

Gulf Marine argues that, by treating Amerindo's Motion to Dismiss Arrest as a Rule 12(b)(1) motion instead of a motion for summary judgment, the M&R improperly weighed evidence and resolved disputed issues of fact in favor of Amerindo. Specifically, the M&R determined that:

    a.  The INNOVATOR had "no automated identification system . . . and no hull positioning system" (M&R, p. 14 & n.6), despite Gulf Marine presenting evidence that the INNOVATOR has an Automated Identification System, Ballast System, Hull Positions System, and GPS Positioning System (Todd Ladd Decl., D.E. 64-2 ¶¶ 4, 6).

8

    b.  The INNOVATOR "has no permanent navigational equipment" (M&R p. 14), despite Gulf Marine presenting evidence that the INNOVATOR has navigational lights and an Automated Identification System, Ballast System, Hull Positions System, and GPS Positioning System (Ladd Decl. ¶¶ 4, 6).

    c.  The INNOVATOR "was ballasted and deballasted approximately once a month" at Gulf Marine's facility (M&R p. 12), despite Gulf Marine presenting evidence that the INNOVATOR was ballasted on a weekly basis to maintain the level and/or draft (Ladd Decl. ¶¶ 3–4, 14).

    d.  Moving the INNOVATOR "from one location to another is very long and costly process" (M&R p. 21), despite there being no evidence presented regarding cost.

    e.  "The history of the INNOVATOR and its current configuration are inconsistent with the notion that it is practically capable of being used to transport people or cargo over water" (M&R p. 18), despite Gulf Marine presenting evidence that the INNOVATOR is designed to accommodate passengers and move both passengers and equipment from one location to another and has done so in the past (Joseph Key Dep., D.E. 64-3 at 30:15–31:1).

While the first four factual issues listed above may not be outcome-determinative on vessel status, whether or not the INNOVATOR "is practically capable of being used to transport people or cargo over water" is. *See Lozman*, 568 U.S. at 121. The *Lozman* Court emphasized that a vessel must be capable of being used as a means of transportation on water, *i.e.*, conveying things or persons from one place to another. *Id.* Under *Lozman*, "a structure does not fall within the scope of this statutory phrase unless a reasonable observer, looking to the [structure's] physical characteristics and activities, would consider it *designed to a practical degree for carrying people or things over water*." *Id.* (emphasis added).

On this issue, Gulf Marine presented the deposition testimony of Joseph Key, who worked as a ballast control operator on the INNOVATOR. Key testified as follows:

> Q You would agree with me that the ATP Innovator has design capabilities to actually transport people from one location to another because it, in fact, did transport on that instance correct?
>
> \* \* \*
>
> A: I would say that it has the design to accommodate people.
>
> Q: (By Mr. Baldwin) And it also has the design capabilities to move people from one location to another just like it did on the tow from location in February of 2014 to Gulf Marine's facility, correct?
>
> A: Yes.
>
> \* \* \*
>
> Q: And so during that tow from the on-site location to Gulf Marine's facility, the ATP Innovator moved equipment from one location to another, correct?
>
> Q: And from that, you know that the ATP Innovator was and had the design capabilities to move equipment from one location to another, correct?
>
> \* \* \*
>
> A: Correct.

Key Dep. at 30:15–31:1, 41:7-14. Gulf Marine also presented evidence that the INNOVATOR has lifeboats and sleeping quarters/accommodations for 98 people. Ladd Decl. ¶ 6.

Viewing the evidence in the light most favorable to Gulf Marine and drawing all reasonable inferences in Gulf Marine's favor, the Court finds the INNOVATOR could be "designed to a practical degree for carrying people or things over water." *See Lozman*, 568 U.S. at 121. Thus, Gulf Marine has raised a genuine issue of material fact regarding the INNOVATOR's status as a vessel.

10

In sum, because the M&R failed to construe Amerindo's Motion to Dismiss Arrest as a motion for summary judgment and improperly resolved disputed issues of material fact in favor of Amerindo, this Objection is **SUSTAINED**.

### B. Objection 2: The INNOVATOR is a Vessel under Maritime Law

While Gulf Marine has created a genuine issue of material fact regarding the INNOVATOR's status as a vessel, it has not shown that the INNOVATOR is indisputably a vessel under maritime law. Accordingly, this Objection is **OVERRULED**.

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Gulf Marine's objections, Amerindo's response, Gulf Marine's reply, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, Gulf Marine's objections to the M&R are **SUSTAINED IN PART**.

Accordingly, it is hereby **ORDERED** that Claimant's Motion to Dismiss Arrest (D.E. 62) is **DENIED**.

ORDERED this 17th day of January, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE