United States District Court
Southern District of Texas
**ENTERED**
February 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-430 |
| | § | |
| THE ATP INNOVATOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Gulf Marine Fabricators, LP (Gulf Marine) brings this action pursuant to both diversity and maritime jurisdiction, 28 U.S.C. §§ 1332, 1333, against Defendants Amerindo Services Ltd. (Amerindo) and Blue Sky Langsa, Ltd. (Blue Sky). Gulf Marine claims, in part, that Amerindo and Blue Sky have breached a Layberth Agreement. D.E. 53. Before the Court is Gulf Marine's Motion for Partial Summary Judgment (D.E. 54) seeking to establish the breach of contract and determine its damages. Amerindo and Blue Sky have responded, contesting only the enforceability of the claims for attorney's fees and liquidated damages. For the reasons set out below, the Court GRANTS the motion (D.E. 54).

### A. Contract, Breach, and Layberth Fees, Services, and Costs

Amerindo and Blue Sky, as the ATP INNOVATOR's (Innovator's) owner and operator, respectively, entered into a Layberth Agreement with Gulf Marine dated December 18, 2015. Pursuant to that agreement, Gulf Marine agreed to provide berthing and dockage, mooring services, horsepower, utilities, and personnel for the Innovator, a

1 / 8

floating oil production platform. D.E. 54-1, 54-3. The agreement specified that Amerindo and Blue Sky would pay a monthly layberth fee of $55,000 and included a schedule of fees that would apply to additional services.

Gulf Marine supplied berthing and dockage and other services and equipment to the Innovator beginning in December 2015. Gulf Marine invoiced Amerindo and Blue Sky according to their agreement. Almost immediately, Amerindo and Blue Sky failed to pay the invoiced amounts, in breach of their contract with Gulf Marine. Gulf Marine continues to provide services to the present date because Amerindo and Blue Sky did not move the Innovator upon termination of the agreement and because Gulf Marine secured the arrest of the Innovator, which remains docked at its facility.

As of March 30, 2017, the full amount owed to Gulf Marine for these contract damages totaled $1,200,323.69, less $165,000 that Amerindo and Blue Sky paid to Gulf Marine as a security deposit. Amerindo and Blue Sky have failed to pay this outstanding amount or any part thereof and they have interposed no substantive defense against the indebtedness. Therefore, Gulf Marine is entitled to recover this amount from Amerindo and Blue Sky, jointly and severally, together with ten percent (10%) pre-judgment interest, pursuant to the agreement. D.E. 54-3, p. 10, ¶ 8.5.

The Innovator remains docked at the Gulf Marine facility and continues to accrue berthing fees and other charges, which Gulf Marine is entitled to recover from Amerindo and Blue Sky, jointly and severally, upon proper application.

B. **Attorney's Fees**

Gulf Marine also seeks its attorney fees for prosecuting this breach of contract claim. The Layberth Agreement recites that it "shall in all respects be governed by the General Maritime Law of the United States, without regard to or application of its conflicts of law provisions that would refer to the application of the laws of another jurisdiction." D.E. 54-3, p. 17, ¶ 12.1. "Admiralty follows the American rule that absent a statutory provision or a contractual right, there is no legal right to attorneys' fees, and both parties must bear their own costs." 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 5–16 (5th ed. 2011). The statutory right refers to the statute giving rise to the claim, such that general state law fee-shifting statutes do not apply. *Id*., § 5-16, n.48 (citing *Misener Marine Const., Inc. v. Norfolk Dredging Co*., 594 F.3d 832, 838 (11th Cir. 2010) and *Cianbro Corp. v. George H. Dean, Inc*., 733 F. Supp. 2d 191, 194-95 (D. Me. 2010)).

In the maritime context, attorney fee provisions are expressed in terms of indemnity. Here, the Layberth Agreement provides that the Owner (Amerindo and Blue Sky) will indemnify the Shipyard (Gulf Marine) for:

> any and all demands, claims, *losses*, *costs*, *suits*, or causes of action (including, but not limited to, any judgments, losses, liabilities, *expenses*, interest, *legal fees*, *costs of suit*, and damages, whether in law, equity, or admiralty, and whether in *contract*, tort or otherwise) ("Claims") arising out of or in any way related to "(a) injuries (or death) of any member of Owner Group *(b) a breach by Owner under the terms of this Agreement* or (c) damage to the property of any member of the Owner Group.

D.E. 54-3, p. 14, ¶ 10.2 (emphasis added). While this clause plainly appears to provide for indemnity for attorney's fees incurred as a result of Amerindo or Blue Sky's breach of the agreement, Defendants suggest otherwise.

Amerindo and Blue Sky argue that legal fees incurred to enforce the indemnity agreement against them are not recoverable, citing cases in which only fees incurred to defend against indemnified tort claims are recoverable. *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 959 (5th Cir. 1984); *Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306, 316 (2d Cir. 1985); *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, 841 F. Supp. 2d 988, 1008 (E.D. La. 2012). Clause 10.2 provides that Amerindo and Blue Sky must indemnify Gulf Marine for losses, including attorney's fees, for a breach of any of the terms of the Layberth Agreement. The Court holds that Gulf Marine is entitled to recover from Amerindo and Blue Sky, jointly and severally, its reasonable and necessary attorney's fees and expenses, along with costs of court. The amount of those damages will be determined upon proper application.

### C. Liquidated Damages

To address the contingency that Amerindo and Blue Sky might fail to remove the Innovator from Gulf Marine's shipyard by the termination date, the agreement provides for liquidated damages:

> 11.3 Owner hereby acknowledges that its failure to remove the Unit from the Shipyard on or before the end of the Term may result in damages to the Shipyard. In the event this Agreement is terminated, and Owner fails to remove the Unit on or before such date stipulated in Section 11.1 or Section 11.4, Owner shall be assessed a liquidated damage in the amount of one hundred thousand dollars ($100,000.00)

> payable in full no later than thirty (30) days after such termination. The Parties acknowledge and agree that it is difficult or impossible to determine with precision the amount of damages that would or might be incurred by Shipyard as a result of Owner's failure [to] remove the Unit by the end of the Term. It is understood and agreed by the Parties that: (i) Shipyard shall be damaged by failure of Owner to meet such obligations; (ii) it would be impracticable or extremely difficult to fix the actual damages resulting there from; (iii) any sums that would be payable under this Section 11.3 are in the nature of liquidated damages, and not a penalty, and are fair and reasonable; and (iv) such payment represents a reasonable estimate of fair compensation for the losses that may reasonably be anticipated from such failure. Additionally, for each day the Unit remains at Shipyard's Facility beyond the Term, Owner shall be responsible for such unit rates and other charges as Shipyard may, in its sole and absolute discretion, charge.

D.E. 54-3, p. 16. Amerindo and Blue Sky argue that this liquidated damages clause should not be enforced against them because (1) there is no evidence of the termination of the agreement; (2) the Innovator has been under arrest since October 2016, such that Gulf Marine has prevented its removal; and (3) as a matter of law, the liquidated damages amount is so large as to constitute a penalty. The Court disagrees.

There is evidence of termination of the agreement. According to the Layberth Agreement, if not extended, it automatically terminated (a) on June 30, 2016 or (b) within fifteen (15) days of the notice of non-payment. D.E. 54-3, p. 16 (Layberth Agreement, ¶ 11.1). There is no evidence that Amerindo and Blue Sky attempted to extend the agreement. Rather, they went into default on their payment obligations almost immediately. Thus the June 2016 termination date may apply. Alternatively, Gulf Marine gave Amerindo and Blue Sky notice of their claim for non-payment on June 22,

2016.  D.E. 54-3, p. 4, ¶ 16.  Fifteen days after the notice would make the termination date July 7, 2016.

The record contains proof of two possible termination dates, separated by two weeks.  Defendants have failed to controvert this evidence, such that the Court may find the contract terminated as a matter of law.  The termination provision, allowing for two alternatives in calculating the termination date, does not state whether termination is effective on the earlier or later of those two dates and the parties did not address this issue.  The Court FINDS, as a matter of law, that the agreement terminated no later than July 7, 2016.

The arrest of the Innovator does not negate liquidated damages.  It is undisputed that the Innovator was arrested and placed under the jurisdiction of this Court on or about October 16, 2016.  While Amerindo and Blue Sky do not have the authority to remove the Innovator at this time, they did have that authority for more than three months between the date of termination and the date of the arrest, not to mention any time after their default and up to the date of termination.  The liquidated damages clause is triggered by any delay in the removal of the Innovator after termination.

The only remaining reason to reject the claim for liquidated damages is if it is unenforceable as a penalty.  Amerindo and Blue Sky bear the burden of proof on this issue.  *Farmers Exp. Co. v. M/V Georgis Prois, Etc.*, 799 F.2d 159, 162-63 (5th Cir. 1986) (citing *Shel-Al Corp. v. Am. Nat. Ins. Co.*, 492 F.2d 87, 93 (5th Cir. 1974)); *see also, Gator Apple, LLC v. Apple Texas Restaurants, Inc.*, 442 S.W.3d 521, 535 (Tex. App.—Dallas 2014, pet. denied).  Applying the rubric of the Restatement (Second) of

Contracts § 356 comment b (1979), the matter is determined by looking at (a) whether the liquidated damages amount either approximates the actual damages sustained or represents a reasonably anticipated amount of damages that could be sustained; and (b) whether such damages are capable of ready proof or if flexibility should be granted to the parties to fix otherwise difficult damages issues. *Farmers*, 799 F.2d at 162.

Amerindo and Blue Sky have offered no evidence on these issues. They have thus defaulted on their burden of proof. In support of liquidated damages, Gulf Marine points out that, contractually, Amerindo and Blue Sky represented that such damages were impossible to determine with precision, but that such damages exist; it would be difficult to fix the amount of such damages; the $100,000 liquidated damages amount is fair and reasonable and not a penalty; and such amount is a reasonable estimation of fair compensation for losses caused by the failure to remove the Innovator. D.E. 54-3, p. 16 (¶ 11.3 set out in full, above).

Finding no reason to relieve Amerindo and Blue Sky from their contractual agreement to pay liquidated damages, the Court holds that Gulf Marine may recover from them, jointly and severally, the amount of $100,000 in liquidated damages, together with prejudgment interest at the rate of 10% per annum.

## CONCLUSION

For the reasons set out above, the Court GRANTS Gulf Marine's motion for partial summary judgment (D.E. 54) in its entirety. The Court HOLDS that Amerindo and Blue Sky have breached the Layberth Agreement. The Court further ORDERS that

Gulf Marine is entitled to recover from Amerindo and Blue Sky, jointly and severally, the following:

- Damages for unpaid account charges as of March 30, 2017, in the amount of $1,035,323.69;

- Damages for charges incurred after March 30, 2017, upon proper application;

- Liquidated damages in the amount of $100,000;

- Pre-judgment interest on said damages at the rate of ten percent (10%) per annum; and

- Reasonable and necessary attorney's fees in an amount to be determined upon proper application.

ORDERED this 12th day of February, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE