IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS , LP | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C. A. No. 2:16-cv-00430 |
| | § | Rule 9(h) - Admiralty |
| THE ATP INNOVATOR, bearing IMO No. | § | |
| 742, her tackle, furniture, apparel, | § | |
| appurtenances, etc., *in rem*, and AMERINDO | § | |
| SERVICES LTD.  and BLUE SKY LANGSA | § | |
| LTD., *in personam*, | § | |
|     Defendants. | § | |

**CLAIMANT'S RESPONSE TO PLAINTIFF'S OPPOSED
SECOND MOTION TO SET SALE OF SEIZED VESSEL**

TO THE COURT:

COMES NOW Amerindo Services Ltd., solely in its capacity as claimant to the ATP INNOVATOR ("Claimant"), filing this Response to Gulf Marine Fabricators, LP's Opposed Second Motion to Set Sale of Seized Vessel, and respectfully would show:

**I.**

The Court is familiar with this case and its background, so there is no need to re-hash the procedural path of the case that has gotten us where we are today.  Suffice it to say that the issue of vessel status has been, and continues to be hotly contested.  Gulf Marine has skillfully managed to avoid the Court vacating the arrest of the INNOVATOR through primarily technical arguments about standard of review.  Gulf Marine also is the party that requested time to conduct jurisdictional discovery, so it cannot be said that the time delay about which Gulf Marine now complains is the fault of the INNOVATOR and its owners.  Amerindo asserts the INNOVATOR should not be under arrest now, and never should have been.  Amerindo has taken this position

since it filed its Motion to Vacate in early November of 2016.

Amerindo continues to assert that the INNOVATOR is not a vessel, so there is no maritime lien to support *in rem* jurisdiction under Supplemental Rule C. Without jurisdiction under Rule C, Amerindo believes that Rule E(9) cannot apply.

### III.

Plaintiff asserts a maritime lien against the INNOVATOR under the Maritime Lien Act, 46 U.S.C. § 31301, *et seq.*, which states in part "a person providing necessaries to a vessel ... has a maritime lien on the vessel [and] may bring a civil action *in rem* to enforce the lien." 46 U.S.C. § 31342(a). The United States Supreme Court has stated that federal jurisdiction under the Maritime Lien Act turns on whether the property seized is a vessel, as that term is defined in 1 U.S.C. § 3. *Lozman v. City of Riviera Beach,* FL, 133 S.Ct. 735, 745 (2013). The most concise discussion of the jurisdictional issue is found in *Barna Conshipping, S.L. v. 1,800 Metric Tons*, 2009 U.S. Dist. LEXIS 36789 (S.D. Ala. 2009).[1] In that case, relying primarily upon *Sembwang Shipyard, Ltd. v. Charger*, 955 F.2d 983, 987 (5th Cir. 1992), the Court succinctly states the rule "if a plaintiff in a Rule C action does not possess a valid maritime lien, the district court lacks *in rem* jurisdiction." *Barna*, 2009 U.S. Dist. at *9.

The issue of vessel status is set for trial on May 14, 2018. Amerindo respectfully suggests that setting any sale should await that decision, and a determination as to whether the Court has *in rem* jurisdiction over the INNOVATOR.

Gulf Marine claims in its motion that the *Ferrous*, *Essex* and *Freret* cases it cites all involved situations like this case, where the owner attacked the validity of the seizing party's

---

[1] A copy of the case is attached as Ex. A.

liens. Amerindo respectfully responds that this is an incorrect assessment of these cases. Certainly none of these cases address the issue of an owner contesting vessel status. In *Ferrous Fin. Servs. Co. V. O/S ARCTIC PRODUCER*, the owner argued that the sale should not go forward because it was unable to post a bond, and because the lack of a judgment being entered was a constitutional deprivation of property. *Essex Crane Rental Corp. v. DB CROSSMAR* involved a dispute over the quantum of the claim being asserted and the issue of standing to assert the claim, not the existence of a maritime lien. Lastly, in *Freret Marine Supply v. M/V ENCHANTED CAPRI*, the owner appeared after the sale making allegations of fraud that were not sufficiently substantiated. These three cases upon which Gulf Marine relies do not support the Court granting Gulf Marine's motion under the circumstances in this case.

      WHEREFORE, PREMISES CONSIDERED, Amerindo Services Ltd., solely in its capacity as Claimant, prays that Gulf Marine's motion be denied, and for such other relief to which it may be entitled.

                                          Respectfully submitted,

                                          By: */s/ Richard L. Gorman*
                                              Richard L. Gorman
                                              State Bar No. 00784155
                                              Federal Bar No. 15685
                                              12335 Kingsride Ln. #354
                                              Houston, Texas 77024-4116
                                              Telephone: (832) 725-4026
                                              Facsimile: (713) 239-1020
                                              Email: rg@richardgormanlaw.com
                                              Attorney for Claimant
                                              Amerindo Services Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of February 2018, a copy of the foregoing was served on counsel fo record *By Notice of Electronic Filing*.

                            */s/ Richard L. Gorman*
                            Of Richard Gorman Law

01879/response.02/16/18