UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) and Rule C |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
SECOND MOTION TO SET SALE OF SEIZED VESSEL**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Marine Fabricators, LP ("Gulf Marine"), who respectfully submits this Reply Memorandum in further support of its Opposed Second Motion to Set Sale of Seized Vessel (R. Doc. 85).

**REPLY 1:**   Amerindo's Challenge to the INNOVATOR's Status as a Vessel Is Not a Basis to Deny or Delay the Interlocutory Sale of the INNOVATOR

In its Opposition, Amerindo does not discuss or address Rule E(9) of the Supplemental Admiralty Rules other than to state, without any legal support, that "Amerindo believes that Rule E(9) cannot apply." Amerindo does not cite a single case in support of its unfounded belief, much less a case in which a district court denied or delayed the interlocutory sale of property under Rule E(9) because vessel status is contested by the owner.

As fully briefed in Gulf Marine's original Memorandum, Rule E(9) is the governing rule for the interlocutory sale of the INNOVATOR; and Rule E(9) does not require a district court to look at the validity of a seizing party's claim when deciding whether to set the seized property for interlocutory sale. Rule E(9) does not require a district court to make a definitive ruling as to

subject matter jurisdiction before setting seized property for sale.[1]  Rule E(9) is designed to allow for the interlocutory sale of seized property prior to entry of judgment to avoid the exact problems that are present in this case: (1) unreasonable delay by Amerindo in securing the release of the INNOVATOR; and (2) excessive costs incurred by Gulf Marine in keeping the INNOVATOR under arrest.[2]

In its Opposition, Amerindo attacks three of the cases cited by Gulf Marine (*Freret Marine*, *Essex*, and *Ferrous*) as support for the interlocutory sale of the INNOVATOR, arguing that the three cases do not support an interlocutory sale here.  In each of the three cases, though, the validity of the seizing party's maritime lien was at issue when the district court granted an interlocutory sale.  Thus, in each case, the seizing party had not definitively established subject matter jurisdiction; yet, in each case, the district court granted the interlocutory sale.  Gulf Marine cited to these three cases because they stand for the clear proposition that district courts routinely grant interlocutory sales of seized property under Rule E(9) despite the presence of unresolved issues of subject matter jurisdiction.  These cases are directly on point here and support the granting of the interlocutory sale of the INNOVATOR even though Amerindo contests vessel status.

---

[1] *See Essex Crane Rental Corp. v. DB CROSSMAR 14,* No. 16-8146, 2016 WL 5869790, at *5 (E.D. La. Oct. 7, 2016) (granting interlocutory sale despite challenge to validity of seizing party's lien claim and thus challenge to the district court's *in rem* jurisdiction); *Freret Marine Supply v. M/V ENCHANTED CAPRI,* No. 00-3805, 2001 WL 649764, at *1 (E.D. La. June 11, 2011), *aff'd*, 37 Fed. Appx. 714 (5th Cir. 2002) (granting interlocutory sale despite challenge to validity of seizing party's claim and thus challenge to the district court's *in rem* jurisdiction); *Ferrous Financial Servs. Co. v. O/S ARCTIC PRODUCER*, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (granting interlocutory sale despite challenge to validity of seizing party's lien claim and thus challenge to the district court's *in rem* jurisdiction); *see also Boland Marine & Mfg. Co. v. M/V A.G. NAVAJO*, No. 02-0658, 2002 WL 31654856, at *3 (E.D. La. Nov. 22, 2002) (stating that the filing of a substantive motion, the outcome of which could moot an interlocutory sale, is not a basis to excuse unreasonable delay in securing the release of seized property) (citing *Merchants Nat'l Bank v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1342 (5th Cir. 1981)).

[2] *Freret Marine Supply,* 2001 WL 649764, at *1 (stating that Rule E "does not require, or even mention, the resolution of the merits of any particular claim; instead, the Rule focuses entirely on avoiding the recognized complications associated with maintaining a vessel under arrest.").

Amerindo correctly states in its Opposition that if a plaintiff does not possess a maritime lien, then the court lacks *in rem* or subject matter jurisdiction over the seized property. Moreover, vessel status is a necessary element of a maritime lien claim; and thus, Amerindo's attack on the INNOVATOR's status as a vessel is a direct attack on Gulf Marine's maritime lien claim and on this court's subject matter jurisdiction over Gulf Marine's *in rem* claim. Just as the attacks on the validity of maritime liens and subject matter jurisdiction in *Freret Marine*, *Essex*, and *Ferrous* did not preclude the interlocutory sale in those cases, Amerindo's continued attack on subject matter jurisdiction in this case is not a basis to delay or deny the interlocutory sale of the INNOVATOR.

This point is particularly true where, as here, Amerindo has already challenged the vessel status of the INNOVATOR on two separate occasions and has lost its challenge each time. Amerindo previously challenged the propriety of Gulf Marine's seizure under Supplemental Admiralty Rule E(4)(f), and the Court denied Amerindo's initial attack on vessel status.[3] Subsequently, Amerindo re-urged its challenge to the propriety of Gulf Marine's seizure; and the district court denied Amerindo's request under Rule 56 of the Federal Rules of Civil Procedure, finding genuine issues of material fact as to the INNOVATOR's status as a vessel.[4]

The issue of vessel status is now set for trial on May 14, 2018.[5] If the sale of the INNOVATOR is delayed another three months until after trial, Gulf Marine will incur over $270,000.00 in additional custodial fees and costs without any guarantee of reimbursement. There is no basis to delay the sale of the INNOVATOR until after the May 14, 2018 trial,

---

[3] R. Doc. 55. Supplemental Admiralty Rule E(4)(f) allows the owner of seized property to have a prompt hearing on the propriety of the arrest of the property in question. Amerindo's challenge under Rule E(4)(f) to the arrest of the INNOVATOR was denied by the Court. *Id.*

[4] R. Doc. 81.

[5] R. Doc. 89.

particularly where Gulf Marine will incur substantial costs to keep the INNOVATOR under arrest in the interim and the INNOVATOR will have been under arrest over 18 months by the time of trial.[6]

**Reply 2:** **Amerindo does not dispute or even address the Excessive Costs of Keeping the INNOVATOR under Arrest**

In its Opposition, Amerindo does not address the excessive costs incurred by Gulf Marine in keeping the INNOVATOR under arrest for over fourteen (14) months. Under Rule E(9), the excessive cost of keeping the INNOVATOR under arrest is a separate, independent basis to set the INNOVATOR for an interlocutory sale.[7] Because this point is uncontested, the INNOVATOR should be set for sale under Rule E(9).

**REPLY 3:** **Amerindo's Attempt to Blame Gulf Marine for the Length of Seizure Is without Merit and Is Not a Basis to Deny or Delay the Sale**

Amerindo states in its Opposition that Amerindo's 14-month delay in securing the release of the INNOVATOR is the fault of Gulf Marine because Gulf Marine requested sixty (60) days

---

[6] *See Merchants Nat'l Bank*, 663 F.2d at 1342 (granting interlocutory sale due to delay of eight months and excessive expenses of $17,000 per month); *Essex Crane Rental Corp.*, 2016 WL 5869790, at *5-*6 (granting interlocutory sale where there was a four month delay in securing release of vessel by posting security); *John W. Stone Oil Distributor, L.L.C. v. M/V LUCY*, No. 09–4440, 2009 WL 4166605, at *1 (E.D. La. Nov. 20, 2009) (granting interlocutory sale where more than four months passed without the vessel owner securing the release of the vessel by posting security); *Colonna's Shipyard, Inc. v. U.S.A.F. General Hoyt S. Vandenberg*, 584 F. Supp. 2d 862, 878 (E.D. Va. 2008) (granting interlocutory sale where more than six months passed without the vessel owner securing the release of the vessel by posting security); *Ythan Ltd v. Primetrade AG*, No. 04-2758, 2005 WL 1431680, at *2 (E.D. La. May 31, 2005) (granting interlocutory sale where more than eight months passed without the vessel owner securing the release of the vessel by posting security); *Boland Marine & Mfg. Co.*, 2002 WL 31654856, at *3 (granting interlocutory sale where more than four months passed without the vessel owner securing the release of the vessel by posting security); *Bollinger Quick Repair, LLC v. Le Pelican MV*, No. 00-308, 2000 WL 798497, *2 (E.D. La. June 20, 2000) (granting interlocutory sale where more than four months passed without the vessel owner securing the release of the vessel by posting security); *Neptune Orient Lines v. Halla Merchant Marine Co.*, 1998 WL 128993, at *6 (E.D. La. Mar. 20, 1998) (granting interlocutory sale where more than three-and-a-half months passed without the vessel owner securing the release of the vessel by posting security); *reconsideration denied*, 1998 WL 151433 (E.D. La. Mar. 24, 1993); *20th Century Fox Film Corp. v. M/V Ship Agencies*, 992 F. Supp. 1434, 1438 (M.D. Fla. Dec. 11, 1997) (granting interlocutory sale where more than eight months passed without the vessel owner securing the release of the vessel by posting security).

[7] *See Merchants Nat'l Bank*, 663 F.2d at 1341 (stating that a finding of any one of the three factors under Rule E(9) justifies an interlocutory sale).

of jurisdictional discovery on the issue of vessel status. Pretermitting the fact that sixty days of jurisdictional discovery does not explain 14 months of delay, Amerindo does not cite any law to support the argument that Gulf Marine's actions, or inactions, are relevant to Gulf Marine's right to an interlocutory sale under Rule E(9). Indeed, under Rule E(9), the focus is solely on the actions, or inactions, of the property owner in securing the release of the property under seizure.[8] Amerindo's attempt to blame Gulf Marine is without merit and unsupported by the law. Amerindo's unreasonable delay in failing to post security for the release of the INNOVATOR for over 14 months warrants the interlocutory sale of the INNOVATOR.

## CONCLUSION

Under Rule E(9), the interlocutory sale of the INNOVATOR is clearly warranted here. Amerindo has had 14 months to secure the release of the INNOVATOR by posting adequeate security; and Amerindo's failure to do so justifies the interlocutory sale. Moreover, the excessive costs incurred by Gulf Marine in keeping the INNOVATOR under arrest are another independent basis for sale under Rule E(9). Amerindo's challenge to the INNOVATOR's status as a vessel and to this court's subject matter jurisdiction is not a basis to delay or deny the interlocutory sale because Rule E(9) does not require a definitive ruling on subject matter jurisdiction before an interlocutory sale can occur. Accordingly, Gulf Marine respectfully requests that the INNOVATOR be set for sale as expeditiously as possible.

---

[8] *See* Suppl. Adm. Rule E(9)(a)(i)(C) (stating that property may sold "if there is unreasonable delay in securing the release of the property.").

Respectfully submitted,

*/s/ William C. Baldwin*
Lara D. Pringle (Texas Bar No. 24056164)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: Lpringle@joneswalker.com

*Of Counsel:*
WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8315
Facsimile:    (504) 589-8315
Email: wbaldwin@joneswalker.com
         fwogan@joneswalker.com
**Attorneys for Gulf Marine Fabricators, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

*/s/ William C. Baldwin*