United States District Court
Southern District of Texas
**ENTERED**
March 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-430 |
| | § | |
| THE ATP INNOVATOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION FOR INTERLOCUTORY SALE

Plaintiff Gulf Marine Fabricators, LP (Gulf Marine) filed this action to liquidate its in personam claim for contract damages against Defendants Amerindo Services Ltd. (Amerindo) and Blue Sky Langsa Ltd. (Blue Sky). Gulf Marine included in rem claims to establish its judgment for contract damages as a maritime lien on the ATP INNOVATOR (Innovator). Ultimately, Gulf Marine requested a judicial foreclosure sale of the Innovator in satisfaction of the judgment. At this time, Gulf Marine has secured summary judgment on its in personam claim. Trial of the in rem portion of this case, addressing the status of the Innovator as a vessel and the priority of competing claims, is pending.

Rather than await a final judgment of foreclosure, Gulf Marine has filed its Second Motion to Set Sale of Seized Vessel (D.E. 85, 85-1), in which it seeks an interlocutory sale of the Innovator pursuant to Supplemental Rule for Admiralty and Maritime Claims (Admiralty Rule) E(9). As grounds for interlocutory sale, Gulf Marine cites: (1) the unreasonable delay of maintaining custody of the Innovator until trial; and (2) excessive

expense of custodial care to date and as expected into the future.[1] Amerindo, as a claimant to the Innovator, filed its response (D.E. 90) opposing any sale and Gulf Marine filed its reply (D.E. 91). For the reasons set out below, the Court GRANTS the motion (D.E. 85).

## DISCUSSION

Arrest of the subject of the in rem action is authorized under Admiralty Rule C(3)(a)(i), which provides the methods by which the owner of the property may exercise its due process rights to vacate the arrest or to substitute some other security in the place of the property. When the property remains in *custodia legis*, there are three scenarios listed in the Admiralty Rules that justify an interlocutory sale of the property:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

Admiralty Rule E(9)(a)(i). Gulf Marine invokes the latter two grounds for interlocutory sale.

---

[1] Gulf Marine also cites the need to move the Innovator in anticipation of its intended sale of the facility where the Innovator is held. However, its motion attaches no proof of a contract of sale or a closing date. Neither is this issue a ground for relief under Admiralty Rule E(9). Thus the Court rejects this argument as a basis for the Court's ruling.

### A. Gulf Marine Has Demonstrated Its Grounds for Interlocutory Sale

In its breach of contract claim that triggered this action, Gulf Marine has shown that it is entitled to damages in the amount of $1,035,323.69, plus additional damages, liquidated damages of $100,000, pre-judgment interest at the rate of ten percent (10%), and attorney's fees. D.E. 87. In contrast, it is undisputed that the expenses of maintaining the Innovator during the pendency of this case to date are $265,019.81 in custodial costs and $999,722.53 in wharfage/layberth costs and services, with costs continuing to accrue at a substantial rate. D.E. 85-2. This evidence is uncontroverted and Amerindo offers no argument against finding that this is an excessive expense under Admiralty Rule E(9).

With respect to the claim of unreasonable delay, it is anticipated that most owners will secure the release of the property within a few months, ending the expense of maintaining the property in the custody of the court. *See generally*, *Essex Crane Rental Corp. v. DB Crossmar 14*, No. CV 16-8146, 2016 WL 5869790, at *5 (E.D. La. Oct. 7, 2016) (collecting cases asserting that 3 months or more can support unreasonable delay finding). Amerindo does not dispute this general expectation that, as owner, it would claim its property within only a few months of its arrest.

It is further undisputed that the Innovator was arrested on October 17, 2016, and remains in custody at this time. *See* D.E. 21, p. 1. Thus Amerindo has had over sixteen (16) months to secure its release and has failed or refused to do so, permitting the Innovator to incur the costs of maintenance described above. Neither has Amerindo asserted any intention or ability to secure the Innovator's release. At the time Gulf

Marine filed its motion, the trial of this case was set for January 14, 2019. D.E. 83. While the trial of vessel status has been moved up to May 14, 2018, that will not necessarily end this action or resolve the matter of the continued accrual of maintenance costs.

Amerindo's only argument against finding that sixteen (16) months is an unreasonable delay is the assertion that Gulf Marine, itself, caused some of that delay by seeking jurisdictional discovery. Jurisdictional discovery did not prevent Amerindo from taking the necessary action to secure the release of the Innovator. And two months of discovery does not explain the other fourteen (14) months of delay.

**B. The Court Has Jurisdiction to Order an Interlocutory Sale**

Amerindo's defense of the motion is limited to an argument that this Court must first find that the Innovator is a vessel before Admiralty Rule E(9) permits its interlocutory sale. The only authority Amerindo cites is *Barna Conshipping, S.L. v. 1,800 Metric Tons, More or Less, of Abandoned Steel*, No. 09-0027, 2009 WL 1203923 (S.D. Ala. April 29, 2009). That case involved the arrest of a ship's cargo on demurrage charges. Upon conducting a Rule E(4)(f) hearing, the Alabama court held, "Plaintiff has not provided any factual or legal basis for its assertion of a maritime lien." *Id*. at *3. Thus, as a matter of law, there was no maritime claim to support the continued exercise of in rem jurisdiction.

Here, however, Gulf Marine has provided a factual and legal basis for its assertion of a maritime lien. Its bases include some evidence, albeit not conclusive, that the Innovator is a vessel. So long as there is a viable claim, this Court maintains maritime in

rem jurisdiction to adjudicate the merits of the claim,[2] along with the ancillary powers of arrest and interlocutory sale of the subject of the action—as granted and tempered by Admiralty Rules C and E.

This Court is not the first to confront whether a decision on the disputed merits of the claim needs to be made prior to interlocutory sale. Other courts have found no such prerequisite. "Supplemental Rule E(9)(b)(i) does not require, or even mention, the resolution of the merits of any particular claim; instead, the Rule focuses entirely on avoiding the recognized complications associated with maintaining a vessel under arrest . . . ." *Freret Marine Supply v. M/V ENCHANTED CAPRI*, No. CIV. A. 00-3805, 2001 WL 649764, at *1 (E.D. La. June 11, 2001), *aff'd*, 37 F. App'x 714 (5th Cir. 2002). The *Freret Marine* court ordered the interlocutory sale because no claimant had or could secure the release of the property and the *custodia legis* costs were accruing at a rate in excess of $1,500 each day. *See also, Essex Crane Rental*, 2016 WL 5869790, at *5-6 (rejecting the argument that issues on the merits prevented interlocutory sale); *Ferrous Fin. Servs. Co. v. O/S Arctic Producer*, 567 F. Supp. 400 (W.D. Wash. 1983) (same); *Yasi v. M/V Horizon's Edge*, No. CIV.A. 14-10128-DJC, 2014 WL 8484913, at *5 (D. Mass. Sept. 2, 2014) (noting unfairness associated with failure to relieve plaintiff of expenses for custodial care).

---

[2] The Court notes that both parties have briefed this matter as if this Court lacks maritime jurisdiction unless and until a maritime claim is proven. Under 28 U.S.C. § 1333, the Court has jurisdiction of "Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Jurisdiction to adjudicate the civil case exists so long as a colorable admiralty or maritime claim is made. Thus this Court currently has maritime jurisdiction based on Gulf Marine's claim to a maritime lien against an alleged vessel. That jurisdiction does not await Gulf Marine's success on the merits and is not retroactively divested if Gulf Marine's claim fails. If Gulf Marine fails, the Court merely lacks jurisdiction to grant the in rem remedy of a foreclosure sale of the Innovator or, alternatively, an award to Gulf Marine of a portion of the proceeds of any interlocutory sale of the Innovator that may be conducted as a result of this Order.

The Court rejects Amerindo's effort to distinguish those cases because, in this context, there is no meaningful difference between the merits-based arguments presented there and its vessel status argument here. All merits-based arguments could lead to a denial of the ultimate in rem relief sought. None of the arguments eliminate the need for balancing an owner's rights against the burdens of the property suffered by the opposing party during the pendency of the case. That balance is regulated by Admiralty Rules E(4), (5), and (9). Under Admiralty Rules E(4) and (5), the owner or claimant to the property arrested is afforded an opportunity to be heard and to secure the release of the property by posting a special bond, a general bond, or a stipulation. Absent that, Rule E(9) acknowledges that preservation of the property pending a determination on the merits may require a sale to avoid diminution of value and other burdens.

Here, Amerindo's only effort to secure release of the Innovator has been to challenge its status as a vessel. Having failed to eliminate vessel status as a matter of law (D.E. 81), that issue awaits trial and fails to defeat the issues that permit interlocutory sale under Rule E(9).

ORDERED this 6th day of March, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE