UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP<br><br>VERSUS<br><br>THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*,<br>AMERINDO SERVICES LTD, *in personam*<br>BLUE SKY LANGSA LTD, *in personam* | CIVIL ACTION NO. 2:16-cv-00430<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) and Rule C |

## JOINT ADVISORY STATUS REPORT

**NOW INTO COURT**, through undersigned counsel, come plaintiff, Gulf Marine Fabricators, LP ("Gulf Marine"), intervenor ASRC Energy Services Omega, LLC ("Omega"), and defendants Amerindo Services Ltd. ("Amerindo"), Blue Sky Langsa Ltd ("Blue Sky"), and the ATP INNOVATOR (the "INNOVATOR") (collectively, the defendants are referred to hereafter as "Defendants"), which, pursuant to this Court's Cast Status Order dated March 1, 2018 [Rec. Doc. 92], state as follows:

**ISSUE ONE: With respect to the in rem proceeding, is there any reason not to try Gulf Marine's entire claim to the res on May 14, 2018—at the same time as the trial on vessel status?**

Gulf Marine submits that its entire claim to the *res* should be tried to the Court on May 14, 2018 at the same time as the trial on vessel status. Gulf Marine's maritime lien claim arises by statute under the Federal Maritime Lien Act, 46 U.S.C. §31342. By statute, one of the elements of Gulf Marine's *in rem* claim is that the INNOVATOR must be a vessel. *See* 46

U.S.C. § 31342(a)(1); *see also Galehead Inc. v. M/V ANGLIA*, 183 F.3d 1242, 1244 (11th Cir. 1999) (stating that necessaries must be provided "to a vessel" for a lien to arise) (emphasis added). Vessel status is the only element at issue in determining whether Gulf Marine has a valid maritime lien claim. The issue of vessel status will determine both the Court's subject matter jurisdiction over Gulf Marine's *in rem* claims against the INNOVATOR, and it will determine the validity of Gulf Marine's maritime lien claim. Accordingly, Gulf Marine submits that the entirety of Gulf Marine's claim to the *res* should be tried on May 14, 2018.

Gulf Marine has filed a Motion for Entry of Rule 54(b) Judgment on its breach of contract claims against Amerindo and Blue Sky. [R. Doc. 93]. If a Rule 54(b) Judgment is entered, Gulf Marine will promptly seek to execute upon the Judgment, which will entail seizure of the INNOVATOR under state law remedies pursuant to Rule 64 of the Federal Rules of Civil Procedure. Gulf Marine's First Amended Complaint set forth a claim for Rule 64 Writ of Attachment under Texas law as an alternative claim to its maritime lien rights in the INNOVATOR. [R. Doc. 53, p. 8]. To date, Gulf Marine has not attached the INNOVATOR under Rule 64. In the event that the INNOVATOR is found to not to be a vessel, however, Gulf Marine will exercise its rights to seize the INNOVATOR under Rule 64.[1]

---

[1] Gulf Marine is not seeking double-recovery against the INNOVATOR; rather, Gulf Marine has asserted an alternative claim in the event that the INNOVATOR is not a vessel. Gulf Marine reserves the right to try its alternative claims at the upcoming trial on May 14, 2018. In its First Amended Complaint, Gulf Marine also sought a declaratory judgment of rights under the Uniform Commercial Code (UCC), seeking a determination by the Court that Gulf Marine possesses a valid first-ranking UCC lien against the INNOVATOR and that Gulf Marine has the right to sell the INNOVATOR at a private or public sale pursuant to and under the UCC. [R. Doc. 53, ¶ XLIII]. Gulf Marine reserves the right to try this alternative claim at the upcoming trial on May 14, 2018.

The Court has granted Gulf Marine's request to set the interlocutory sale of the INNOVATOR under Rule E(9) of the Supplemental Rules for Admiralty and Maritime Claims. [R. Doc. 95]. Upon sale of the INNOVATOR, the proceeds of the sale will be placed into the registry of the Court for disbursement in accordance with future Court order(s) upon proper application by the parties evidencing entitlement to the funds. Gulf Marine will coordinate the timing of the sale of the INNOVATOR with the United States Marshal's Service for the Southern District of Texas; and pursuant to Local Supplemental Admiralty Rule E, Gulf Marine will properly notice the sale of the INNOVATOR.

Amerindo Services Ltd. and Blue Sky Langsa Ltd. agree the merits can be tried with the vessel status issue on May 14th, which is the question the Court asked. As for the other information contained in the above statement, and specifically any claims that may exist under Rule 64, Amerindo Services Ltd. and Blue Sky Langsa Ltd. do not waive any rights or defenses they may have under Texas or federal law by participating in this Joint Status Report, as the foregoing section was written by counsel for Gulf Marine Fabricators LP. A trial of all of the issues brought forward by the plaintiff and proposed intervenor in this report cannot be completed in one day, and there will be additional discovery required for any claims outside those related to Gulf Marine's simple breach of contract claim. This will likely delay the trial. The trial should remain limited to the issue of vessel status as was originally intended. If an intervention is allowed, it will take time to sort out what defenses are available, including satisfaction of all or part of the debt, and any other available defenses which are unknown at this time since the exact nature of the allegations are unknown or new as of today.

Omega has no objection to Gulf Marine trying its entire claim to the *res* on May 14, 2018, at the same time as the trial on vessel status.  While Omega disagrees with Amerindo and Blue Sky's concerns regarding the length of trial and time for discovery, Omega believes it is in the interest of judicial economy to hear all issues at the same time.  Should the Court agree with Amerindo/Blue Sky regarding length of trial and discovery, Omega would urge the Court to continue this matter until July or August rather than have two separate trials on issues which are intricately connected.

**ISSUE TWO:** **Magistrate Judge Ellington has granted ASRC Energy Services Omega, LLC's (Omega's) request to intervene for the purpose of being heard on the fact question of the Innovator's status as a vessel. Does Omega still seek intervention to make in personam and in rem claims as set out in its proposed complaint, D.E. 39-1? If so, is intervention opposed? If opposed, please give concise reasons for that opposition. Parties may incorporate by reference prior briefing. If full intervention were granted, would it require a delay of trial?**

Gulf Marine has no objection to Omega's requested intervention but does object to any further delay of the resolution of the pending claims before the Court. Gulf Marine further reserves all of its rights and defenses to the claims of Omega, including without limitation any and all defenses to the validity of Omega's claims and the priority or ranking of Omega's claims.

Amerindo Services Ltd. and Blue Sky Langsa Ltd. oppose the Intervention for the reasons stated in Docket Entry No. 45 and the attached Exhibits, and Docket Entry No. 56.  All arguments and authorities cited in the aforementioned Docket Entries are incorporated herein by reference.  Allowing the intervention could delay the trial if discovery is required.

Omega wishes to intervene to make its *in personam* and *in rem* claims previously asserted in ASRC Energy Services Omega, LLC's Complaint-in-Intervention, D.E. 39-1.  These claims arise from the assignment, to Omega, of a promissory note in the principal sum of One

Million, One Hundred Twenty-Five Thousand, Four Hundred Thirty-Eight and 25/100 U.S. Dollars (US $1,125,438.25) executed by Amerindo and Blue Sky in favor of ATP Infrastructure Partners, LP ("ATP IP") and secured by a preferred ship mortgage over the INNOVATOR and a pledge agreement between BSIH Ltd. and ATP IP, granting a security interest in and lien on all of BSIH, Ltd.'s right title and interest in 15,392,917 common shares of ACL International, Ltd. ATP IP subsequently assigned its right, title and interest in the note, mortgage and pledge to Omega as consideration for the release of claims against ATP IP for selling the oil rig without notice to Omega as a lien holder, and unpaid invoices totaling approximately $2.172 million dollars. ATP further advised Amerindo and/or Blue Sky of this assignment, in writing, and thereafter received written acknowledgment thereof from Amerindo and/or Blue Sky. The preferred ship mortgage assigned to Omega has been recorded and filed with the National Vessel Documentation Center.[2]

Omega's Complaint-in-Intervention includes claims arising from the Louisiana Oil Well Lien Act. These claims were raised by Omega's previous counsel-of-record and Omega no longer believe this Honorable Court is the appropriate venue to assert said claims and does not intend to argue said claims at the May 14, 2018 trial or any trial in this Court thereafter. Should the Court deem it necessary, Omega shall amend the Complaint-in-Intervention accordingly.

Omega intends to file a Motion for Partial Summary Judgment addressing Blue Sky's failure to satisfy the debt owed through the Promissory Note by the date of maturity, November

---

[2] National Vessel Documentation Center USCG, Official No. 575567, Batch No. 30864100, Document ID No. 1.

30, 2015 or anytime thereafter.[3] Omega also intends to perfect its security interest over the INNOVATOR, granted by virtue of ATP IP's assignment of the Promissory Note. Additionally, as Gulf Marine's Motion for Interlocutory Sale was granted March 6, 2018, Omega will have to consider filing a Motion to Sequester the proceeds of a sale due to the fact that issues exist regarding the relative priority of claims between Gulf Marine and Omega to said proceeds.

To accomplish the above, Omega must prepare and execute affidavits from its own executives and from executives with ATP IP, specifically Chandi Prados and Donald Scholl, to address the assignment of the promissory note and settlement of claims against ATP IP. Documents for evidentiary purposes must also be assembled. However, Omega does not expect these tasks to interfere with its ability to proceed to trial on May 14, 2018, as presently scheduled.

Respectfully submitted,

**JONES WALKER LLP**

*/s/ William C. Baldwin*
Lara D. Pringle (Texas Bar No. 24056164)
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: Lpringle@joneswalker.com

---

[3] Omega is unaware of any payment under the promissory note made by Blue Sky to either ATP IP or Omega. Furthermore, subpart (d) of Section 1.04 of the Assignment, Receipt, Settlement of Claims, Release and Indemnity Agreement executed by ATP IP states, "ATP has no received no payments on the Note."

*Of Counsel:*
WILLIAM C. BALDWIN (La. #31613)
HANSFORD P. WOGAN (La. #34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8315
Facsimile:   (504) 589-8315
Email: wbaldwin@joneswalker.com
       fwogan@joneswalker.com
***Attorneys for Gulf Marine Fabricators, LP***

**RICHARD GORMAN LAW**

/s/ *Richard Lee Gorman*
RICHARD LEE GORMAN (Tx. #00784155)
(Texas Federal ID #15685)
12335 Kingsride Lane #354
Houston, TX  77024
Telephone:  (832) 725-4026
Facsimile:   (713) 239-1020
Email: rg@richardgormanlaw.com
***Attorney for Amerindo Services Ltd. and Blue Sky Langsa Ltd.***

**BROWN SIMS**

/s/ *Jonathan A. Tweedy*
JONATHAN A. TWEEDY (La. #31997)
(S.D. of Texas Federal ID #3124034)
MICHAEL A. ROSENBLATT (La. #27063)
1100 Poydras Street, 39th Floor
New Orleans, LA  70163
Telephone:  (504) 569-1007
Facsimile:   (504) 569-9255
***Attorneys for ASRC Energy Services Omega, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

/s/ *William C. Baldwin*