UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| GULF MARINE FABRICATORS, LP | |
| VERSUS | CIVIL ACTION NO. 2:16-cv-00430 |
| THE ATP INNOVATOR, bearing IMO No. 742, her tackle, furniture, apparel, appurtenances, etc., *in rem*, AMERINDO SERVICES LTD, *in personam* BLUE SKY LANGSA LTD, *in personam* | IN ADMIRALTY, F.R.C.P. 9(h) and Rule C |

## MEMORANDUM IN SUPPORT OF OPPOSED MOTION
## TO SCHEDULE THE SALE OF THE ATP INNOVATOR FOR APRIL 16, 2018

Gulf Marine Fabricators, LP ("Gulf Marine"), respectfully submits this Memorandum in Support of its Motion to Schedule the Sale of the ATP INNOVATOR for April 16, 2018, setting forth the following as support for its Motion:

1.      On March 6, 2018, the Court issued an Order on Motion for Interlocutory Sale, granting Gulf Marine's request for the interlocutory sale of the INNOVATOR under Rule E(9) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules for Civil Procedure.  [R. Doc. 95].

2.      Subsequently, Gulf Marine conferred with the United States Marshal for the Southern District of Texas, Corpus Christi Division, regarding the interlocutory sale of the INNOVATOR, and the United States Marshal's Service advised that the earliest available date for the auction of the INNOVATOR is April 16, 2018.

3.      Accordingly, Gulf Marine files this Motion to schedule the interlocutory sale of the INNOVATOR for 10:00 am on April 16, 2018 and to authorize the United States Marshal for

the Southern District of Texas, Corpus Christi Division, to sell the INNOVATOR free and clear of all liens with all proceeds to be deposited into the registry of the Court pending further order by this Court.

4.      Gulf Marine has submitted a Proposed Order with customary language that is in compliance with the Local Supplemental Admiralty Rules in this district regarding admiralty sales. *See* Local Supplemental Admiralty Rules.

5.      It is well-settled that "a marshal's sale discharges all liens against the ship and grants the purchaser title free and clear of liens." *Newpark Shipbuilding & Repair, Inc. v. M/V Trinton Brute*, 2 F.3d 572, 1994 A.M.C. 133 (5th Cir. 1993) (citing Grant Gilmore and Charles L. Black, Jr., *The Law of Admiralty* § 9-85 (1975)); *see also* 46 U.S.C. § 31326(a) (stating that "any claim in the vessel existing on the date of sale is terminated" and "attaches, in the same amount and in accordance with their priorities to the proceeds of the sale . . . ."). Thus, the Proposed Order provides that the INNOVATOR is to be sold free and clear of all liens.

6.      In addition, the Local Supplemental Admiralty Rules in this district require Gulf Marine to publish notice of the sale. *See* Local Supplemental Admiralty Rule E.1, "Notice." Gulf Marine's Proposed Order requires Gulf Marine to comply with such requirements.

7.      Gulf Marine further requests that the Court set a minimum bid in the amount of $3,000,000.00 USD for the sale of the INNOVATOR. Courts have authorized the setting of a minimum bid at a level that will cover the amount of the plaintiff's claim and the anticipated *custodia legis*. *See Caterpillar Fin. Servs. Corp. v. Coleman*, No. 99–03821, 1999 WL 33218595, at *2–3 (C.D. Cal. Aug. 19, 1999) (basing the minimum bid for an interlocutory sale on the cost to satisfy the plaintiff's lien and all associated costs and expenses); *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 922 F. Supp., 1434, 1438 (M.D. Fla. 1997) (setting minimum

bid at high enough price to cover plaintiff's claims and *custodia legis* expenses). In this case, a minimum bid of $3,000,000 USD is sufficient to cover the amount of Gulf Marine's claim and the anticipated *custodia legis* amounts.[1] Setting a minimum bid protects the seizing party and the owner of the property being sold, and is therefore in the best interest of the parties. Moreover, by setting the minimum bid at $3,000,000 and not higher, it prevents an otherwise chilling effect on the auction that would occur if a higher minimum bid were set.

8.      Gulf Marine also seeks the appointment of Compass Maritime Services LLC ("Compass") as the sole broker for the purpose of marketing the INNOVATOR. Compass has agreed to provide advertising and marketing services to promote the sale of the INNOVATOR in exchange for a commission of one percent (1%) of the amount for which the INNOVATOR is sold at auction, provided that the Court appoints Compass as the sole broker and the INNOVATOR is sold at auction. Gulf Marine requests that such commission be paid from the proceeds of sale as a *custodia legis* expense. Gulf Marine's Proposed Order provides for the appointment of Compass.

9.      The INNOVATOR is flagged and registered as a vessel in the United States. *See* Certificate of Documentation for the INNOVATOR issued by the U.S. Coast Guard's National

---

[1] As set forth in Gulf Marine's Verified Complaint, at the time of filing suit in October of 2016, Gulf Marine was owed approximately $811,901.93 for unpaid layberth fees and other services and equipment provided. [R. Doc. 1, ¶ XII]. Through February 28, 2018, the amount owed to Gulf Marine increased to a total of $1,870,589.04 for unpaid layberth fees and other services and equipment provided. [*See* R. Doc. 97-1, ¶ 10]. This figure continues to grow by $90,000 per month and will exceed $2,000,000 by the time of the sale of the INNOVATOR. The dockage and services provided to the INNOVATOR post-arrest are properly characterized as *custodia legis*, as confirmed by this Court's Order recognizing such expenses as *custodia legis*. [R. Doc. 7]. In addition, as set forth in the Affirmation of Substitute Custodian, the appointed substitute custodian has been charging approximately $600 per day, which daily rate, although subsequently reduced, will exceed $300,000 in substitute custodian costs by the time of the INNOVATOR's auction. [R. Doc. 3-1, p. 1]. These $300,000 in substitute custodian costs are also properly characterized as *custodia legis* expenses. The *custodia legis* expenses will also include the Marshal's fee of $10,000 and advertising expenses in connection with the seizure and sale. Prejudgment interest will likely exceed $100,000. In sum, Gulf Marine's lien claim and *custodia legis* claim exceeds $2,500,000 while continuing to accrue; and thus, by setting the minimum bid at $3,000,000, the sale will cover the lien claim of Gulf Marine and the claim for *custodia legis*.

Vessel Documentation Center, Rec. Doc. 23-3. As such, the INNOVATOR is governed by certain regulations that restrict the sale to a foreign buyer and/or the deletion of the INNOVATOR from the U.S. registry. More specifically, to sell the INNOVATOR to a foreign buyer, there must be permission from the Maritime Administration ("MARAD") because the INNOVATOR is over 1,000 gross tons. *See* 46 C.F.R. § 221.15. To account for the potential sale to a foreign buyer, Gulf Marine's Proposed Order attached hereto provides that the purchaser at auction must be qualified to own and operate the INNOVATOR in the trade in which it is engaged, or, if not, will obtain the necessary permission from MARAD within such time allowed by the Court, at the purchaser's expense.

10. Finally, Gulf Marine's Proposed Order provides that the fees and expenses of the sale, as well as the fees and expenses incurred by Gulf Marine in keeping the INNOVATOR under seizure, are to be taxed against the sale of the INNOVATOR as *custodia legis*. This proposed language is in accord with the General Maritime Law and is in line with the Court's prior Order declaring necessary dockage and services provided to the INNOVATOR as *custodia legis*. [R. Doc. 7]; *see also Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 816 (5th Cir. 1982) ("[S]ervices or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court or of an officer of the court . . . should be allowed as a *custodia legis* expense."); *U.S. v. One (1) 254 Ft. Freighter, M/V Andoria*, 570 F. Supp. 413, 416 (E.D. La. 1983) (McNamara, J.) (quoting *New York Dock Co. v. The Poznan*, 274 U.S. 117, 121 (1927)) (emphasis in original), *aff'd*, 768 F.2d 597 (5th Cir. 1985) ("It is well established that only those services or property furnished *upon the authority of the Court* for the common benefit of those interested in a fund *administered by the Court* should be paid from the fund as an 'expense of justice.'"). Accordingly, the provision in Gulf Marine's Proposed Order

regarding *custodia legis* is proper.  Following the sale of the INNOVATOR, the proceeds of the sale will be deposited into the registry of the Court; and at that time, Gulf Marine will make an application to the Court for an award of *custodia legis* expenses from the proceeds on deposit with the Court.

Respectfully submitted,

*/s/ William C. Baldwin*
Lara D. Pringle (Texas Bar No. 24056164)
Jones Walker LLP
First City Tower
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: Lpringle@joneswalker.com

*Of Counsel:*
WILLIAM C. BALDWIN (#31613)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8315
Facsimile:     (504) 589-8315
Email:  wbaldwin@joneswalker.com
              fwogan@joneswalker.com

***Attorneys for Gulf Marine Fabricators, LP***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of March, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

/s/ *William C. Baldwin*