IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GULF MARINE FABRICATORS , LP | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C. A. No. 2:16-cv-00430 |
| | § | Rule 9(h) - Admiralty |
| THE ATP INNOVATOR, bearing IMO No. | § | |
| 742, her tackle, furniture, apparel, | § | |
| appurtenances, etc., *in rem*, and AMERINDO | § | |
| SERVICES LTD.  and BLUE SKY LANGSA | § | |
| LTD., *in personam*, | § | |
|     Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ENTRY OF RULE 54(b) JUDGMENT**

TO THE COURT:

COME NOW *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd.

("Defendants"), filing this Response to Gulf Marine Fabricators, LP's Motion for Entry of Rule

54(b) Judgment [collectively found in Dkt Nos. 93 and 97], and respectfully would show:

**I.**

**BACKGROUND**

The Court is familiar with the background of this case, so there is no need to re-hash the

procedural path that gets us to where we are now.  For purposes of this response, it is sufficient to

simply say that Gulf Marine has obtained a partial summary judgment [Dkt. No. 87] against the

Defendants on its claim for breach of contract, and now seeks entry of a Rule 54(b) Judgment as

to that claim against the *in personam* Defendants.  However, this exact claim will still continue

in the case in the form of a contract claim against the INNOVATOR, *in rem*, if the structure is

determined to be a vessel.

## II.

## ARGUMENTS

Gulf Marine's First Amended and Restated Verified Complaint realistically contains only one cause of action, which is a claim for breach of contract for nonpayment of sums owing and due under the Layberth Agreement.  In its Complaint, Gulf Marine seeks recovery from *in personam* Defendants Amerindo Services Ltd. and Blue Sky Langsa Ltd., and from the INNOVATOR *in rem*.[1]  The Court has granted Gulf Marine a partial summary judgment on its breach of contract claim against the *in personam* Defendants.[2]  The breach of contract claim against the INNOVATOR remains undecided.  Gulf Marine now requests entry of a Rule 54(b) final judgment on its contract claims against the *in personam* Defendants.

Rule 54(b) states in pertinent part: "[w]hen an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay...." Fed. R. Civ. P. 54(b).  The rule relates to whether a judgment can be appealed.  For a judgment to be appealable, the Court must certify entry of the judgment as final and direct entry of the judgment.  There are two steps to this process: (1) the decision is final for the particular claims or parties, and (2) there is no just reason for delay of the entry of judgment.  *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016); *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).   A court's determination under Rule 54(b) must "take account

---

[1]      *See* Dkt. No. 53 at pp. 4-8

[2]      *See* Dkt. No. 87.

of both the policy against piecemeal appeals and the equities between or among the parties."

*Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).  Also, in deciding step 2,

whether there is no just reason for delay, "a district court must take into account judicial

administrative interests as well as the equities involved. *Id*., citing *Curtiss-Wright Corp. v. Gen.

Elect. Co.*, 446 U.S. 1, 8 (1980); *see also Nippon Yusen Kaisha v. Fil Lines USA Inc*., 977

F.Supp.2d 343, 352 (S.D.N.Y. 2013).

      "Entry of judgment under Rule 54(b) 'should not be granted if the same or closely related

issues remain to be litigated.'" *Fil Lines*, 977 F.Supp.2d at 352, quoting *Harriscom Svenska AB

v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).  "In a case involving multiple claims, the

court should not enter final judgment dismissing a given claim unless that claim is separable

from the claims that will survive." *Fil Lines*, 977 F.Supp.2d at 352.  "A claim is 'separable' if it

involves at least some different questions of fact and law and could be separately enforced." *Id*.

at 352-53; *see also Bruner*, 259 F.3d at 1243.

      Here, Gulf Marine's claim upon which it seeks entry of the Rule 54(b) judgment is a

breach of contract claim.  This is the exact same breach of contract claim as the one that will

remain in the lawsuit against the INNOVATOR.  Therefore, the claim upon which Gulf Marine

seeks a Rule 54(b) judgment is not separable from the claim that will survive.  Based upon the

foregoing, Gulf Marine's motion must be denied.  *Cullen v. Margoitta*, 811 F.2d 698, 711 (2d

Cir. 1987)(where multiple claims are involved, court should not enter final judgment on a certain

claim unless it is separable from the claims that survive); *see also Jinjit, Ltd. v. Jovani Fashion,

Ltd.*, 2017 U.S. Dist. LEXIS 59027 at **9-11 (S.D.N.Y. 2017)(Rule 54(b) motion denied

because claims involved claims intertwined).[3]

       WHEREFORE, PREMISES CONSIDERED, *in personam* Defendants Amerindo

Services Ltd. and Blue Sky Langsa Ltd. pray that Gulf Marine's motion be denied, and for such

other relief to which they may be entitled.

                                  Respectfully submitted,


                         By: */s/ Richard L. Gorman*       
                             Richard L. Gorman
                             State Bar No. 00784155
                             Federal Bar No. 15685
                             12335 Kingsride Ln. #354
                             Houston, Texas 77024-4116
                             Telephone: (832) 725-4026
                             Facsimile: (713) 239-1020
                             Email: rg@richardgormanlaw.com
                             Attorney for Claimant
                             Amerindo Services Ltd.

OF COUNSEL:

RICHARD GORMAN LAW


## CERTIFICATE OF SERVICE

       I hereby certify that on this 21th day of March 2018, a copy of the foregoing was served on counsel fo record ***By Notice of Electronic Filing***.


                         */s/ Richard L. Gorman*       
                         Of Richard Gorman Law


01879/response.03/21/18

---

[3]       A copy is attached as Exhibit A.